[No. 5792.]

## SIMON, JACOBS & CO. v. SAMUEL SCOTT.

PLEADING—HUSBAND AND WIFE.—In an action against the husband for goods furnished to the wife, the complaint must allege that the goods were sold and delivered to the husband.

APPEAL from the District Court of the Thirteenth Judicial District, Merced County.

The complaint was as follows:

"[Title of Court and Cause.]

"The plaintiffs in the above entitled cause complain of the defendant, Samuel Scott, and allege and show:

"That the plaintiffs were partners doing business as merchants in Merced, Merced County, California, under the name and firm style of Simon, Jacobs & Co.; that the defendant is justly indebted to the plaintiffs in the sum of one thousand and sixty-six dollars and two cents, with legal interest thereon from

the 6th day of November, A. D. 1876, for goods and merchandise furnished to Mary S. Scott, the wife of the defendant, at her request, said goods and merchandise consisting of clothing, household furnishing goods and supplies, and necessary goods and wares for housekeeping; that the said goods and merchandise were necessary for her and the family of the defendant, and the maintenance of the household of defendant; that said goods and merchandise were so furnished by the plaintiffs to the wife of defendant between the 22nd day of August, A. D. 1876, and the 7th day of September, A. D. 1876; that the agreement and understanding between plaintiffs and the wife of defendant aforesaid at the time of the sale and delivery of the goods and merchandise aforesaid was, that said goods and merchandise should be paid for in gold coin of the United States, and with interest on the full amount of the same after sixty days from the time said goods and merchandise were furnished; that the goods and merchandise furnished to the wife of defendant as aforesaid were reasonably worth the sum of $1,066.02, (one thousand and sixty-six $\frac{02}{100}$ dollars) in gold coin of the United States; that the defendant hath failed and refused to pay for said goods and merchandise, or any part thereof, though often requested by the plaintiffs so to do.

" Wherefore, plaintiffs pray judgment against the defendant for the sum of one thousand and sixty-six dollars and two cents, with legal interest thereon from and after November 6th, 1876, for gold coin, and for all costs in this behalf expended."

The defendant demurred to the complaint that it did not state facts sufficient to constitute a cause of action, and on the ground of a defect of parties. The demurrer was overruled and judgment was rendered for the plaintiff, whereupon the defendant appealed.

*Thomas Bodley* and *W. P. Veuve*, for Appellant.

The demurrer should have been sustained, because it does not state a cause of action against the defendant. It nowhere avers an agreement or promise on the part of the defendant to pay a debt contracted by Mary S. Scott, his wife, and

it does not set forth any special facts which make him liable. (Civil Code, secs. 158, 174; *Brown* v. *Worden*, 39 Wis. 432; *Maynard* v. *San Francisco Ins. Co.*, 31 Cal. 48.)

*Terry, McKinne & Terry*, for Respondent, cited *Althof* v. *Conheim*, 28 Cal. 230; 6 Mees. & W. 42; 1 Man. & Gr. 550; 2 Greenl. Ev. 365; 7 S. & R. 247; 2 Smith's Lea. Ca. 442; *Watson* v. *Thekeld*, 2 Rep. 637; *McCutchen* v. *McGahay*, 11 Johns. 281; *Calkins* v. *Long*, 22 Barb. 97; *Schouler* v. *Dorn*, Rel. 81; 2 Bright's Husb. & W. 6, 7, 9; *Keller* v. *Phillips*, 37 N. Y. 35; *Ogden* v. *Prentice*, 33 Barb. 160; Macqueen on Husb. & W. 136; *Gilman* v. *Andrus*, 28 Vt. 241.)

By the COURT:

The complaint does not allege a sale and delivery of goods to defendant.

Whether defendant is liable for the goods furnished to the wife or not, it is certain that plaintiffs cannot recover against him their value, in the absence of an averment that they were sold and delivered to him. If she was authorized by reason of her relation to her husband, the nature and character of the goods, and the husband's circumstances, to purchase them, the goods were in law sold to *defendant*, and the averment should have been to that effect. The averments in respect to furnishing the goods to the wife, etc., might have been omitted as mere evidence, and not the statement of ultimate facts.

The demurrer should have been sustained.

Judgment reversed and cause remanded, with direction to the Court below to sustain the demurrer to the complaint.