## NISSEN v. BENDIXSEN.*

No. 9088; December 28, 1885.

9 Pac. 111.

**Husband and Wife—Liability for Necessaries Furnished to Wife.**—In an action against a husband for necessaries furnished his wife, the complaint must allege that the goods were sold and delivered to defendant and an averment of the furnishing of such goods to the wife is not sufficient. Although no demurrer to the complaint was filed, the absence of such necessary averment may be taken advantage of on appeal.

APPEAL from Superior Court, County of Humboldt.

S. M. Buck and Cope & Boyd for appellant; J. J. De Haven and Charles F. Hanlon for respondent.

---

*For subsequent opinion in bank, see 69 Cal. 521, 11 Pac. 130.

FOOTE, C.—This action was brought against a husband for necessaries furnished his wife, under the provisions of section 174, Civil Code. A jury being waived, the court rendered judgment in favor of the plaintiff for part of his demand. From that, and from an order refusing him a new trial, defendant Bendixsen appeals. The testimony of the plaintiff's witnesses was all by depositions. The defendant appeared and gave evidence in open court. There is a conflict in their testimony. When this is the case, it is a settled rule of law, as declared by this court in numerous instances, that for such reason alone a judgment will not be reversed. But the further point is made that the complaint therein does not state facts sufficient to constitute a cause of action, and will not support a judgment such as the one rendered. It is claimed that although section 174 of the Civil Code gives a right of action, it confers no other or greater right than that which existed at common law, and that it did not intend to change, nor does it change, the rule of pleading as to averments which were necessary in such a case at common law. The complaint does not allege that the articles were sold to the husband, defendant, or that they were furnished his wife upon his credit.

Upon a pleading resembling the one in hand, the opinion of this court was expressed in Simon, Jacobs & Co. v. Scott, 53 Cal. 74, as follows:

"The complaint does not allege a sale and delivery of goods to defendant. Whether the defendant is liable for the goods furnished to the wife or not, it is certain that plaintiffs cannot recover against him their value, in the absence of an averment that they were sold and delivered to him. If she was authorized by reason of her relation to her husband, the nature and character of the goods, and the husband's circumstances, to purchase them, the goods were in law sold to defendant, and the averments should have been to that effect. The averments in respect to furnishing the goods to his wife, etc., might have been omitted as mere evidence, and not the statement of ultimate facts."

In the case under consideration no demurrer to the complaint was filed, but, under section 434 of the Code of Civil Procedure, the objection now taken to that pleading may be entertained by this court.

We are of opinion that the judgment and order should be reversed and cause remanded, with leave to the plaintiff, if so minded, to amend his complaint.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and cause remanded, with leave to plaintiff, if so advised, to amend his complaint.