[No. 9088.  In Bank. — May 17, 1886.]

## E. P. NISSEN, RESPONDENT, v. H. P. BENDIXSEN, APPELLANT.

HUSBAND AND WIFE — NECESSARIES FURNISHED WIFE — LIABILITY OF HUS-
BAND — PLEADING. — The action was brought to recover the value of
certain necessary articles supplied to the wife of the defendant. The
complaint alleged that for more than two years immediately preceding
the commencement of the action, the defendant neglected to make ade-
quate or any provision for his wife, and that during that period the plain-
tiff, in good faith and at her request, supplied her with certain specified
articles which were necessary for her support and maintenance, and which
were reasonably worth a stated amount; that the wife never abandoned
the defendant, nor did she ever live separate from him by agreement; and
that by reason of the premises the defendant became indebted to the
plaintiff for the value of the articles so furnished, no part of which has
been paid. *Held*, that the complaint was sufficient under sections 174
and 175 of the Civil Code, notwithstanding the failure to allege that the
articles were sold and delivered to the defendant.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*S. M. Buck, Horace L. Smith,* and *Cope & Boyd,* for Appellant.

The complaint should have alleged that the articles were sold to the defendant, or that they were furnished to the wife upon his credit. If the articles were of such a nature as were suitable to her condition and her

husband's station and circumstances in life, and her relation to her husband was such as rendered him liable for them, they were in law furnished to him, and the averment should have been to that effect. Section 174 of the Civil Code does not change this rule. (*Jacobs* v. *Scott*, 53 Cal. 74; *Alley* v. *Winn*, 134 Mass. 77; *Hall* v. *Weir*, 1 Allen, 261; *Parke* v. *Kluber*, 37 Pa. St. 251; *Hultz* v. *Gibbs*, 66 Pa. St. 360; *Thorpe* v. *Sharpley*, 67 Me. 235; *Arnold* v. *Allen*, 9 Daly, 198.)

*Charles F. Hanlon*, and *J. J. De Haven*, for Respondent.

The complaint was sufficient. (Civil Code, secs. 174, 175.)

Ross, J.—Section 174 of the Civil Code provides: "If the husband neglects to make adequate provision for the support of his wife, except in the cases mentioned in the next section, any other person may, in good faith, supply her with articles necessary for her support, and recover the reasonable value thereof from the husband."

The next section is as follows:—

"A husband abandoned by his wife is not liable for her support until she offers to return, unless she was justified, by his misconduct, in abandoning him; nor is he liable for her support when she is living separate from him by agreement, unless such support is stipulated in the agreement."

The complaint in the case before us charges that for more than' two years immediately preceding the commencement of this action, the defendant neglected to make adequate or any provision for his wife, Egidia Patrina, and that during that period plaintiff, in good faith, at the request of the said Egidia Patrina, supplied her with certain specified articles which were necessary for her support and maintenance, and which were reasonably worth $751.77; that said Egidia Patrina never abandoned defendant, nor did she ever live separate from him by agreement; that by reason of the premises, defendant

became indebted to the plaintiff for the value of the articles so furnished his wife, no part of which has been paid.

For the defendant it is urged that the complaint does not state facts sufficient to constitute a cause of action against him, in that it does not allege that the goods were sold and delivered to defendant. But the action here was brought under the provisions of the statute above cited, and the complaint alleges the particular facts which. the statute declares render the defendant liable to the plaintiff. Upon proof of the facts charged, the law declares the plaintiff entitled to judgment against the defendant, and that being so, it cannot be held that the complaint does not state facts sufficient to constitute a cause of action.

In the case of *Jacobs* v. *Scott*, 53 Cal. 74, the complaint did not allege the facts declared by section 174 of the Civil Code to give a cause of action against the husband, and hence that case was decided in accordance with the common-law rule.

We are not prepared to say that the evidence was insufficient to justify the findings of the court below.

Judgment and order affirmed.

MYRICK, J., MORRISON, C. J., THORNTON, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.