[S. F. No. 1231. Department Two.—June 15, 1900.]

## ST. VINCENT'S INSTITUTION FOR THE INSANE, Appellant, v. JOHN T. DAVIS, Respondent.

Action for Care of Insane Wife—Demand of Custody by Husband—Good Faith—Burden of Proof—Support of Finding.—In an action by a foreign corporation to recover for the care of the insane wife of the defendant, residing in this state, the burden of proof is upon the plaintiff to show that a demand made upon the plaintiff by the defendant, at its institution in St. Louis, for the delivery to him of the custody of his wife, was not made in good faith; and a finding in favor of such good faith is supported if there is any evidence tending to show it, notwithstanding suspicion cast by plaintiff upon the defendant's motives.

Id.—Proof of Neglect of Husband Required.—An action cannot be maintained for necessaries supplied to the wife of the defendant, unless a showing is made of the neglect of the husband to provide such necessaries.

Id.—Evidence—Recovery of Former Judgment for Previous Care—Harmless Exclusion.—The exclusion from evidence of a judgment-roll in a former action by the same plaintiff against the same defendant, in the circuit court of the United States, showing a recovery by the plaintiff for former care of the insane wife of the defendant, prior to and not including any of the care involved in the present action, cannot be productive of any injury to the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Charles W. Slack, Judge.

The action was brought by the plaintiff as a private corporation, organized under the law of the state of Missouri, for the keeping, treatment, and care of insane persons, having its place of business in St. Louis. The complaint alleged the caring by the plaintiff for the insane wife of the defendant in its institution at St. Louis since June 1, 1894, at the special instance and request of the defendant, including boarding, lodging, washing, medicine, and medical and other necessary attendance, alleged to be of the reasonable value of twelve dollars per week, and clothing of the reasonable value of one hundred dollars per year, which the defendant promised to pay, etc.

The answer took issue upon the allegations of the complaint, pleaded the statute of limitations for services rendered prior to June 28, 1894, alleged that at all times he was ready, willing, and able to provide for his wife at his own home in this state, and on the 28th of June, 1894, demanded of plaintiff that she be delivered to him, and offered to defray all expenses in advance of bringing her to California under proper care, which demand and offer were refused. The court found that defendant never agreed to pay the plaintiff for the care of his wife, that all care rendered prior to June 28, 1894, was barred by the statute of limitations, that no care thereafter was rendered at his request, and that he did not promise or agree to pay anything therefor, and that on said date, desiring in good faith to care for his wife, defendant demanded of the plaintiff that he deliver to the defendant the custody of his wife, which was refused by plaintiff without legal cause or excuse, and that plaintiff has since retained said custody against defendant's will. Upon the trial it appeared that an action had been brought by the same plaintiff against the same defendant in 1891, for care rendered since 1877, in the United States circuit court for the northern district of California, and it was stipulated that the depositions taken in said action should be used on the trial of this action. Plaintiff offered in evidence the judgment-roll in said action, showing a recovery therein of eleven hundred and forty dollars, in April, 1893, which was paid by defendant in the spring of 1894. The judgment-roll was excluded from evidence, upon an objection that it was incompetent, irrelevant, and immaterial. Further facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

The action of the defendant was not in good faith. The husband had before abandoned his wife, and the plaintiff was justified in caring for her at his expense. (*Davis v. St. Vincent's Institution for the Insane,* 9 C. C. A. 501; 1 Bishop on Marriage, Divorce, and Separation, secs. 1222, 1227; *Emery v. Emery,* 1 Younge & J. 501, 506.)

Reddy, Campbell & Metson, for Respondent.

The burden of proof was upon the plaintiff to show that the husband had neglected to make adequate provision for the support of his wife, and that burden was not sustained. (Civ. Code, sec. 174; *Cunningham v. Reardon*, 98 Mass. 539[1]; *Corry v. Lackey*, 105 Mich. 363; *Belknap v. Stewart*, 38 Neb. 304[2]; *Sturbridge v. Franklin*, 160 Mass. 149.) Plaintiff cannot recover for services rendered to defendant's wife against the will and consent of the defendant, who was able and willing to provide for her. (*Schnuckle v. Bierman*, 89 Ill. 455, 457.)

TEMPLE, J.—Among other things, it is alleged in the complaint that plaintiff has continuously, since the first day of June, 1894, at the instance and request of defendant, kept and cared for the insane wife of defendant, providing for her suitable boarding, lodging, clothing, washing, medicine, and medical and other attendance, the reasonable value of which is twelve dollars per week, and one hundred dollars per year for clothing. In the answer all the material allegations of the complaint are denied, and in addition it is alleged that during all the times in the complaint mentioned defendant has been able, willing, and anxious to provide for his said wife at his own home in California, and on the 28th of June, 1894, demanded of the plaintiff that it deliver to him the person of his said wife, and that plaintiff, without cause or excuse, refused to comply with said demand.

The court found as a fact that plaintiff had kept and cared for the wife of the defendant as alleged, except that the court did not find that such service was rendered at the request of the defendant, or that he promised to pay its reasonable or other value. It found, also, that defendant "on the twenty-eighth day of June, 1894, desiring in good faith to care for his said wife elsewhere, demanded of plaintiff, at its institution in the city of St. Louis, that said plaintiff forthwith deliver to him said insane wife; that said plaintiff, without legal cause or excuse, refused to comply with said demand, and, against the will of defendant, has since retained the said wife of defendant in its custody." Judgment was for defendant.

Upon a motion for a new trial it was contended on behalf of

[1] 96 Am. Dec. 670.
[2] 41 Am. St. Rep. 729.

plaintiff that there was no proof that the offer of defendant to provide for his wife elsewhere was made in good faith. This contention cannot be sustained. The burden was upon the plaintiff. Some suspicion was cast upon the motives of the defendant, but it cannot be said that there was no evidence tending to show good faith.

Section 174 of the Civil Code provides that when a husband fails to make adequate provision for the support of his wife, then (except in certain cases) any person may supply her with necessaries and recover the value thereof from the husband. Whoever supplies such necessaries must, in order to recover, show such neglect on the part of the husband. That was not shown in this case.

The plaintiff was not injured by the refusal to admit in evidence the judgment rendered in the United States circuit court. Had it been competent evidence of all that plaintiff claims for it, its case would not have been aided. Admit all these facts and it still has no case.

Judgment and order affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.