[Civ. No. 87. First Appellate District.—October 30, 1905.]

## JOHN A. HOEY, Appellant, v. A. J. HECHTMAN, Respondent.

HUSBAND AND WIFE—ACTION AGAINST HUSBAND—NECESSARIES FURNISHED TO WIFE—INSUFFICIENT COMPLAINT.—A complaint against a husband for necessaries furnished to the wife, which neither alleges a sale to the husband nor that the husband had neglected to make adequate provision for the support of his wife, states no cause of action.

ID.—AUTHORITY OF WIFE TO PURCHASE—SALE TO HUSBAND.—If a wife is authorized, by reason of her relation to her husband, the nature and character of the goods purchased, and the husband's circumstances, to purchase them, the goods were in law sold to the husband, and the averment should have been to that effect.

ID.—STATUTORY LIABILITY OF HUSBAND.—Under section 174 of the Civil Code, to render the husband liable for goods furnished to the wife, the articles must be necessary for her support, and the husband must have neglected to make adequate provision for her support. Both are essential.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

William M. Sims, for Appellant.

William B. Craig, for Respondent.

HALL, J.—This is an appeal from a judgment upon the judgment-roll. The complaint is in seven counts identical in form, each being for goods sold and delivered. The

second allegation in each count is that: "Defendant and Carrie C. Hechtman now are, and at all times herein mentioned have been, husband and wife." The third allegation of the first count is as follows: "That on or about the twenty-second day of November, 1902, defendant was indebted to R. G. Schroeder in the sum of $155.70 for goods, wares, and merchandise sold and delivered within two years last past, at the city and county of San Francisco, state of California, to said Carrie C. Hechtman, wife of said defendant, and that said goods, wares and merchandise were common necessaries of life and necessary for the support and maintenance of said Carrie C. Hechtman." The third allegation in each of the other counts varied from the. above only in the name of the seller of the goods and the amount of the indebtedness. Defendant demurred to each count upon the ground that it did not state a cause of action. The demurrer was overruled and upon failure of defendant to answer judgment was entered against him as prayed for.

The demurrer should have been sustained. The complaint does not allege a sale to defendant, and does not allege all the facts necessary under section 174 of the Civil Code, to fix liability upon a husband for a sale to the wife. (*Simon, Jacobs & Co.* v. *Scott,* 53 Cal. 76; *Nissen* v. *Bendixsen,* 69 Cal. 521, [11 Pac. 29].) In *Simon, Jacobs & Co.* v. *Scott,* the allegations were of a sale to the wife of the defendant, and were very similar in form to the allegations of the complaint in this case, being "that the said goods and merchandise were necessary for her and the family of defendant and the maintenance of the household of defendant." The court said: "Whether the defendant is liable for the goods furnished to the wife or not, it is certain that the plaintiffs cannot recover against him their value, in the absence of an averment that they were sold and delivered to him. If she was authorized, by reason of her relation to her husband, the nature and character of the goods, and the husband's circumstances, to purchase them, the goods were in law sold to defendant, and the averment should have been to that effect." In the case of *Nissen* v. *Bendixsen, supra,* the complaint fully and explicitly alleged all the facts necessary, under section 174 of the Civil Code, to fix liability on a husband for goods sold to his wife, and the court for

that reason sustained the sufficiency of the complaint, but referring to *Simon, Jacobs & Co.* v. *Scott, supra,* said: "In the case of *Jacobs* v. *Scott,* 53 Cal. 74, the complaint did not allege the facts declared by section 174 of the Civil Code to give a cause of action against the husband, and hence that case was decided in accordance with the common-law rule."

Section 174 of the Civil Code provides: "If the husband neglects to make adequate provision for the support of his wife . . . any other person may, in good faith, supply her with articles necessary for her support, and recover the reasonable value thereof from the husband." In the complaint before us it is alleged that the goods were necessary for the support of the wife, but it is not alleged that the husband had neglected to make adequate provision for her support. Both are essential. The allegation that the goods were necessary for her support refers to the character of the goods as being suitable to her circumstances and condition in life, and such allegation does not import that the husband had neglected to make adequate provision for her support. Under the statute the articles must be necessary for her support and the husband must have neglected to make adequate provision for her support. (See, also, *St. Vincent's Institution etc.* v. *Davis,* 129 Cal. 17, [61 Pac. 476].)

The judgment is reversed, with directions to sustain the demurrer, with leave to plaintiff to amend his complaint.

Harrison, P. J., and Cooper, J., concurred.