[Civ. No. 2258.  Second Appellate District.—September 19, 1918.]

## COULTER DRY GOODS COMPANY (a Corporation), Appellant, v. E. S. MUNFORD et al., Respondents.

HUSBAND AND WIFE—NECESSARIES FURNISHED WIFE—LIABILITY OF HUSBAND.—Under section 174 of the Civil Code, it is essential in an action against a husband to recover for goods alleged to have been necessary to the wife's support, to show that the husband had neglected to make adequate provision for her support.

ID.—APPEAL—CONFLICT IN TESTIMONY—PRESUMPTION FROM FINDINGS.— Where the trial court made findings in favor of the defendants, an appellate court must presume that the trial court believed the testimony of the defendants notwithstanding that it was inconsistent with some of the testimony presented for the plaintiffs.

ID.—EVIDENCE—CONVERSATIONS.—Conversations between the plaintiff's general manager and its "credit man" and statements by such credit man to the general manager relating to the financial responsibility of the defendants, not in the presence of the defendants, were properly excluded.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Ward Chapman and L. M. Chapman, for Appellant.

George Beebe and J. M. Wright, for Respondent.

CONREY, P. J.—This action was brought against the defendant E. S. Munford and his wife, Mrs. E. S. Munford,

upon an account for goods alleged to have been sold to the
defendants at their special instance and request.    Judgment
was entered in favor of E. S. Munford and against the other
defendant.    Plaintiff appeals from the judgment in favor of
E. S. Munford.

The items of account consisted of clothing and other dry
goods furnished to Mrs. Munford while she was residing at
Los Angeles.    The husband at that time resided elsewhere,
but their separation was temporary, and the case does not
involve any defense on the ground that the defendants were
living separate and apart from each other.    Mr. Munford
testified that he did not know anything of the account until
after the articles were furnished, and that his wife never in-
formed him of the fact that she had opened the account.    He
was receiving a salary of $416 per month, and was sending
to his wife for the support of herself and children the sum
of three hundred dollars per month.  · She also had some sep-
arate income.    Mr. Frank Coulter appears to have been an
officer and one of the managers of the plaintiff.  ·Mrs. Mun-
ford testified that for some time after she began trading with
the plaintiff she paid cash for the articles purchased by her,
until after she was urged by Mr. Coulter and by Mr. Baker,
the general manager, to open a credit account.    This was
done by Mr. Baker, and the account was made in the name
of Mrs. Munford.    She testified that Mr. Frank Coulter knew
that her husband was providing her with three hundred dol-
lars a month, and that that sum was sufficient for the support
of herself and family.    There is no evidence tending to show
that the defendant E. S. Munford neglected to make adequate
provision for the support of his wife or family.

"If the husband neglect to make adequate provision for
the support of his wife,. . . . any other person may, in good
faith, supply her with articles necessary for her support, and
recover the reasonable value thereof from the husband."
(Civ. Code, sec. 174.)    It will be seen that the Civil Code
limits the conditions of liability of a husband for merchandise
sold to his wife.    In *Hoey* v. *Hechtman*, 2 Cal. App. 120, [83
Pac. 85], the complaint alleged that the defendant A. J.
Hechtman was indebted to plaintiff's assignor in certain sums
for goods, wares, and merchandise sold to Carrie C. Hecht-
man, wife of the defendant, "and that said goods, wares, and
merchandise were common necessaries of life and necessary

for the support and maintenance of said Carrie C. Hechtman." In that case it was held by the first district court of appeal that defendant's demurrer to the complaint upon the ground that it did not state a cause of action, should have been sustained. "The complaint does not allege a sale to defendant, and does not allege all the facts necessary under section 174 of the Civil Code, to fix liability upon a husband for a sale to the wife," citing *Simon, Jacobs & Co.* v. *Scott*, 53 Cal. 76, and *Nissen* v. *Bendixsen*, 69 Cal. 521, [11 Pac. 29]. The court further said: "In the complaint before us it is alleged that the goods were necessary for the support of the wife, but it is not alleged that the husband had neglected to make adequate provision for her support. Both are essential. The allegation that the goods were necessary for her support refers to the character of the goods as being suitable to her circumstances and condition in life, and such allegation does not import that the husband had neglected to make adequate provision for her support. Under the statute the articles must be necessary for her support and the husband must have neglected to make adequate provision for her support." In *St. Vincent's Institution etc.* v. *Davis*, 129 Cal. 17, [61 Pac. 476], the supreme court referred to section 174 of the Civil Code, and stated that, under the provisions of that section, whoever supplies necessaries for the support of a wife must, in order to recover therefor against the husband, show that the husband had failed to make adequate provision for the support of his wife. There being no such proof, it was held that the plaintiff was not entitled to recover. The same rule is applicable to the case at bar, for we must presume that the court believed the testimony of the defendants, notwithstanding that it was inconsistent with some of the testimony presented on behalf of the plaintiff.

Counsel for appellant say in their brief that it is an uncontradicted fact that when this account was first brought to the attention of Mr. Munford by means of a letter from the plaintiff, he wrote to Mr. Coulter a letter which contained an admission of his liability and a promise to pay the indebtedness when he got in better circumstances. That letter was lost, but one of the plaintiff's witnesses testified concerning its contents. But counsel are wrong in stating that the fact thus shown is uncontradicted, for their brief contains a quotation from the testimony of Mr. Munford in which he directly

denies that in any such letter he said that he owed the account or that he would pay it.

Appellant claims that the court erred in excluding testimony offered by the plaintiff for the purpose of proving that the account was opened on the credit of the husband, as well as the wife. This offered testimony related to conversations between the general manager of the plaintiff and its "credit man," and to statements made by the manager to the credit man about the affairs and financial responsibility of the defendants. These statements were not made in the presence of the defendants or either of them, or with their knowledge, and the objections were properly sustained.

The judgment is affirmed.

James, J., and Shaw, J., concurred.