## GOODALE v. SCANNELL.

8   27|
e146 529|

To estop a party from claiming goods as against the creditor of a third party, it must appear that he stated to the creditor himself that he had sold the article to the third party, and that the creditor parted with some right, or advantage, on the faith of the information.

APPEAL from the Superior Court of the City of San Francisco.

Samuel P. Goodale brought this action to recover of the defendant, as sheriff, one hundred and fourteen barrels of sugar, or their value. The defendant justified the taking, under execution process, against one George Frank. On the trial, it appeared that in September, 1856, the plaintiff Goodale being the owner of a lot of China sugar, in mats, made a certain contract with Frank, under which the sugar was delivered to him. The evidence as to whether the contract amounted to a sale or not, was conflicting. The substance of the testimony is, that Goodale delivered the sugar to Frank under a contract that Frank was to repack it in barrels, mix it with molasses, so as to change its character, and account to the plaintiff for the original article at nine and one-half cents per pound, and all over that sum to be divided between Frank and Goodale. Goodale gave out that he had sold the sugar and did not wish it known that he was interested in it. The Court below, sitting as a jury, found that plaintiff had never sold the sugar, and thereupon rendered judgment against defendant for the return thereof, or for its value. Defendant moved for a new trial, which, being denied, he appealed.

*Janes, Lake & Boyd*, for Appellant.

We insist that this contract was, in effect, a sale of the sugar to Frank.

The defendant's counsel asked the Court to rule, as matter of

law, that if the plaintiff gave out to the public, that he had sold the sugar to Frank, and gave over to him the possession, then, as to Frank's creditors, it was his property, and subject to be levied upon and seized for Frank's debts.

The Court refused so to rule, and the defendant excepted.

To determine whether this was error, it is only necessary to ascertain, whether, in case the cause had been tried by a jury, it would have been error for the Judge to refuse an instruction, embodying the above rule of law. Griswold *v.* Sharp, 2 Cal., 23.

We submit, that a refusal so to charge, would have been clearly erroneous.

The evidence shows, (though it is enough for our purpose, if it tends to show,) that Goodale gave out that he did not own the sugar; that he had sold it.

The business connected with transforming it was done in Frank's name. After it was repacked, it was stowed at the warehouse in Frank's name. Goodale kept his interest in the affair intentionally secret; no one knew or suspected that he was a *secret partner* or owner, till other creditors of Frank sought to make their debts out of the property; the possession and apparent ownership of which, by Frank, had been the means of his obtaining the credit.

The law will not permit a person to vest the possession of his property in another, together with all the *indicia* of title; to disclaim any interest in it, and, when a credit is obtained on the supposed ownership of the person in possession, to step forward and reclaim the property.

*C. H. S. Williams* for Respondent.

The contract under which the sugar was delivered, by the plaintiff, was clear and explicit, and cannot be tortured into a sale ; and there is no conflict of evidence upon the subject.

A Judge cannot be required, even on a jury trial, to charge upon an abstract question of law, however correctly stated, which is not based upon evidence sufficient to sustain a verdict.

Here there was no evidence to sustain a finding, that he "gave out to the public," as stated in the request of the defendant. Mansfield *v.* Wheeler, 23 Wend. R., 79 ; 3 Barb. Supreme Court R., 583 ; 9 Cow. R., 208 : 2 Hill N. Y. R., 205 ; 1 Cranch. Rep., 308–318 ; 17 Barb. R., 588–552 ; 5 Munro's R., 280–282.

To make make it material, there must be either estoppel *in pais,* or fraud. To estop the plaintiff from asserting his property in the goods, it must appear that the statement relied on was communicated to the creditor who seized the goods, and that he parted with something on the faith of the information.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This was an action to recover a quantity of sugar, which had been seized on execution, as the property of one Frank. The defendant contended, on the trial, that the property belonged to Frank, the defendant in execution, and not the present plaintiff. The Court, sitting as a jury, found that the sugar was the property of the plaintiff, and that he had never sold the same to Frank. This is conclusive upon the point, and will not be reviewed by us, as the evidence was conflicting.

The appellants contend that the Court erred in refusing to decide, as a matter of law, "that if the plaintiff gave out to the public that he had sold the sugar to Frank, and gave to him the possession, then, as to Frank's creditors, it was his property, and subject to be levied upon and seized for his debts."

This instruction was properly refused, because there was no evidence to warrant it. To estop the plaintiff, it should appear that his declarations were communicated to the creditor, who seized the goods, and that he parted with some right or advantange, on the faith of the information. Not only is this fact not shown, but the defendant has failed to show that the plaintiff ever made any statement on the subject.

Judgment affirmed.