[No. 15566.    Department One.—December 31, 1894.]

THOMAS EVANS ET AL., RESPONDENTS, *v.* GEORGE P. GERKEN ET AL., DEFENDANTS, HENRY P. GALLAGHER ET AL., APPELLANTS.

PLEADING — GENERAL DEMURRER — CONSENT TO RULING—WAIVER.—The ground of a general demurrer is neither waived by failure to demur nor by consent that the demurrer be overruled.

ID.—ACTION ON BOND OF EXECUTOR—SUFFICIENCY OF COMPLAINT.—A complaint in an action upon an executor's bond which alleges that the executor was appointed, that letters testamentary were ordered to be issued to him upon his executing a bond according to law, and that the executor and sureties duly made and executed the bond required by the order, sufficiently alleges compliance with the requirements of the statute, as against a general demurrer, although the complaint does not specifically allege that the bond sued on was approved by the judge or was filed or recorded, or that a certificate of justification was attached thereto.

ID.—MISAPPROPRIATION OF MONEY BY EXECUTOR—SALE OF REALTY—BOND—IRRELEVANT DEFENSE—STRIKING OUT ANSWER.—In an action on an executor's bond for misappropriation of moneys which he failed to pay over to the distributees, it is no defense that the moneys were derived from the sale of realty belonging to the estate which the executor had been permitted to sell without giving the additional bond required by law, and such defense may be properly stricken from the answer as irrelevant and redundant.

ID.—ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—LIABILITY OF EXECUTOR AND SURETIES.—A decree of distribution of the estate of a deceased person fixes the liability of the executor, and is conclusive upon his sureties who are liable upon their undertaking to the full extent of the penalty, regardless of whether an additional bond has been given or not.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Jones & O'Donnell,* for Appellants.

*Pierson & Mitchell,* for Respondents.

VAN FLEET, J.—This is an action to recover from the principal and sureties on an executor's bond a balance unpaid by the executor upon distributive shares of an estate awarded to plaintiffs upon distribution.

The action was not pressed as to defendant Gerken, the principal on the bond, but the judgment went against the defendants Gallagher and Offerman, the sureties, and they appealed from the judgment upon the judgment-roll and a bill of exceptions.

1. Appellants claim their demurrer to the complaint should have been sustained. To this respondents object that appellants should not be heard on their demurrer in this court, because it appears by the order of the court below, overruling the demurrer, that it was done by the express consent of the parties. This objection should undoubtedly be held good as to any special ground of demurrer, since obviously consent to the overruling of a demurrer is tantamount to a withdrawal of it and a waiver of the objections thereby raised; it is quite distinguishable from an instance where the demurrer is overruled merely from failure to argue it, or, as is sometimes expressed, "for want of prosecution." In such case it has been properly held that it is the demurrer, and not the argument, which raises the issue of law, and that the party cannot be deprived of his right to be heard upon it in this court because he saw fit to submit the demurrer without argument in the court below. (*Richards* v. *Travelers' Ins. Co.*, 80 Cal. 505.) In this case, however, the demurrer is general, and, as this ground is one which is not waived even by failure to demur, it is obvious that it was not waived by consent that it be overruled.

The objection urged is that the complaint does not allege that the bond sued on was approved by the judge, or was ever filed or recorded, or that any certificate of justification was attached thereto. It is alleged, however, that the executor was appointed; that letters testamentary were directed to be issued to him upon his "executing a bond according to law," etc.; and that the executor and the appellants "duly made and executed the bond required by said order." We regard this as a sufficient allegation of the requirements of the statute, certainly as against a general demurrer.

2. It is complained that the court erred in striking out portions of the answer. The portions struck out proceeded upon the theory that it would be a good defense for appellants to show that the money appropriated by the executor, and which he failed to pay over to the distributees, was not a part of the personal property or income of the estate, but was derived from the sale of realty belonging to the estate which he had been permitted, by the neglect and failure of the superior court and plaintiffs, to sell without giving the additional bond required by law, and without the consent of appellants that said realty should be sold without such additional bond being required

It is perfectly obvious that this matter did not constitute a defense to the action, and was properly stricken out as irrelevant and redundant. The argument of appellants is in effect that, by reason of the failure of the executor to give a bond as required by law upon the sale of real estate, the title to the property never passed from the estate, and hence there could be no loss suffered therefrom. But there is nothing in this position, nor is any such question open for collateral inquiry here. The decree of distribution had fixed the liability of the executor, and was conclusive alike upon the sureties. (*Chaquette* v. *Ortet,* 60 Cal. 594; *Irwin* v. *Backus,* 25 Cal. 222–24; 85 Am. Dec. 125.) The fact that the executor failed to give such a bond could in no way affect the rights of appellants, except incidentally as to their right to contribution in a proper case; primarily they were liable upon their undertaking to the full extent of the penalty, whether such additional bond had been given or not. (*Powell* v. *Powell,* 48 Cal. 234; *Lacoste* v. *Splivalo,* 64 Cal. 40.)

The findings are sufficient to cover the issues.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.