[Sac. No. 1124.   Department Two.—April 6, 1905.]

# JOHN BASHORE, Appellant, v. B. B. PARKER et al., Respondents.

CLAIM AND DELIVERY — ESTOPPEL — PLEADING AND EVIDENCE — ORDER DENYING A NEW TRIAL—REVIEW UPON APPEAL.—Upon appeal from an order denying a new trial in an action of claim and delivery, where an estoppel was pleaded by the defendant, in whose favor judgment was rendered, technical objections to the answer cannot be considered; and reference may be made to the answer only to learn whether the estoppel was sufficiently pleaded to justify the taking of evidence thereunder.

ID.—CLAIM BY HUSBAND OF COMMUNITY PROPERTY—DEFENSE BY EXECUTION CREDITOR OF WIFE—ESTOPPEL IN PAIS SUFFICIENTLY PLEADED. —Where the action for claim and delivery was by a husband for alleged community property, and was defended by an execution creditor of the wife, who pleaded an estoppel *in pais, held* that facts were pleaded with sufficient particularity to show such estoppel by the acts, representations, and conduct of both husband and wife, upon which the creditor was entitled to rely, and did rely, in making advances to the wife when she was doing business in her own name and on her own account, as reputed owner of the property.

ID.—IMPROPER EVIDENCE OF ESTOPPEL.—Though the pleading of an estoppel *in pais* was sufficient, the court erred in admitting the testimony of witnesses as to business transactions of other parties with the wife and her son by a former marriage covering a period of twenty years prior to the transactions in dispute, and in admitting testimony of their declarations not at all concerning the property involved in the action, and not proved to have been brought to the knowledge of the husband plaintiff, nor to have been communicated to the defendant creditor of the wife.   The declarations of the wife's son, a stranger to the plaintiff, were wholly inadmissible against him; and the declarations of the wife, made in his absence, cannot raise an estoppel as to his title to the community property.

ID.—MARRIED WOMAN ENGAGING IN TRADE—PRESUMPTION OF COMMUNITY PROPERTY—BURDEN OF PROOF.—Where a married woman engages in trade it is presumed to be with the funds of the community, and the burden of proof is on the person asserting the property to be her separate property.

ID.—IMPROPER INSTRUCTION AS TO ESTOPPEL.—An instruction that "if a husband permits his wife to use his money or property, real or personal, as her own, for a considerable period of time, she incurring obligations and obtaining credit upon the faith and belief on the part of those from whom she obtained credit that the property is her own, the husband will be estopped from claiming such

property as his own against those extending credit to the wife,"
is erroneous, both as being contrary to the presumption of com-
munity property, and as eliminating from consideration the neces-
sary elements of an estoppel laid down in subdivision 3 of section
1962 of the Code of Civil Procedure.

ID.—IMPROPER INSTRUCTION FOR DEFENDANTS—SEPARATE PROPERTY OF
WIFE.—An instruction that if the jury believed from the evidence
that any of the property involved in the action grew out of or
was bought by the rents, issues, or profits of any real property
owned by the wife it was their duty to find for the defendants, is
erroneous, in not limiting their duty to find only as to the particular
property so acquired, and not generally.

APPEAL from an order of the Superior Court of Tulare
County denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, and Bradley & Farnsworth, for Ap-
pellant.

Nicol & Orr, M. E. Power, and Hannah & Miller, for Re-
spondents.

HENSHAW, J.—This action is in claim and delivery to
recover personal property levied upon by the defendant Par-
ker as sheriff of the county in certain actions brought by the
defendant Farmers' Union and Milling Company against
Rachel D. Bashore, wife of plaintiff, and James H. Stuffle-
beem, a son of said Rachel by a former marriage. Plaintiff
claimed the property as community property. Defendants
in answer averred that the property was the copartnership
property of Rachel Bashore and Stufflebeem, and for a sep-
arate answer pleaded an estoppel *in pais* against the plaintiff.
Trial was had before a jury and judgment rendered for
defendants. This appeal is from the order denying plaintiff's
motion for a new trial.

Appellant first insists that there was no sufficient pleading
of an estoppel, and that therefore the court erred in admitting
any testimony upon the question. But as the appeal here is
only from the order denying a new trial, the inquiry is limited
to a consideration of alleged errors at law and to the sufficiency
of the evidence to support the verdict. Technical objections
to the sufficiency of the pleading which might have been

raised by special demurrer may not be considered upon this appeal. Reference may be made to the pleadings only to learn whether an estoppel was sufficiently well pleaded to justify the taking of evidence upon the matter. We think this defense was set forth with sufficient particularity. It is alleged that Rachel Bashore became indebted to the Farmers' Union and Milling Company for goods sold and moneys advanced to her; that during all the time of these transactions she was engaged in the business of farming, stock-raising, and wood-cutting, in her own right, upon her own account and in her own name, in the community where she now resides, and that during all this period she owned and held in her own right, upon her own account, and in her own name, real and personal property of great value; that during all of this time she and her husband, John Bashore, represented, stated, and caused to be known to the community, and in the cities of Visalia and Tulare, and in the vicinity of said cities, and to the people residing therein and thereabout, and to the business world generally, that the said Rachel was the owner in her own right and name, of real and personal property of great value, and of the real and personal property set forth and described; and, further, that John Bashore had no interest whatsoever in or to the property, or in or to the business, or in or to the proceeds thereof; still further, that Rachel Bashore and John Bashore represented, stated, and caused to be known to the community generally, and to the defendant the Farmers' Union and Milling Company in particular, that Rachel was the owner in her own right and name of all this property, and that John Bashore had no interest whatsoever in or to it or any part of it, or to the business so conducted by her; that defendant Farmers' Union and Milling Company, relying upon the conduct, representations, and statements of the plaintiff and the said Rachel, his wife, as above set forth, and believing the same to be true, and not otherwise, made advances to Rachel Bashore; that John Bashore had full knowledge and notice of all the facts and circumstances above alleged and full knowledge and notice of the fact that the Farmers' Union and Milling Company was extending credit and selling goods and wares, and advancing money to Rachel, upon the faith of the representations and statements and conduct of himself and Rachel; and

that, if these statements and representations of John Bashore and Rachel were untrue, and if his conduct was contrary to the fact, he should not be permitted to allege or maintain the contrary thereof, and is estopped from so doing.

We need not, as has been intimated, enter into any particular discussion of the necessary averments of an estoppel *in pais.* The oft cited cases of *Biddle Boggs* v. *Merced Mining Co.,* 14 Cal. 367, and *Davis* v. *Davis,* 26 Cal. 23,[1] together with the provisions of subdivision 3 of section 1962 of the Code of Civil Procedure, fully set them forth.

While the pleading of an estoppel *in pais,* or estoppel by conduct, may be regarded as sufficient, upon the introduction of evidence under the plea the court fell into error. It admitted the testimony of numerous witnesses touching business transactions which they had had with Mrs. Bashore and Stufflebeem covering a period of nearly twenty years prior to the transactions here called in question to show the declarations of Mrs. Bashore and her son Stufflebeem. The contention of the plaintiff—and to the support of this contention he brought evidence—was, that the property was community property, and that he being an invalid, by arrangement with his wife she was to transact the business, and he was to do such work as he could about the home ranch; that he never made any representations contrary to this. Upon the part of the defense it was undertaken to show that the Bashores, husband and wife, had both represented to the community generally that all of the property was the separate property of the wife, and that the husband had no interest therein, and that these representations were made specifically to the defendant the Farmers' Union and Milling Company, and that the representations made to individual members of the community were communicated to the Farmers' Union. When, however, the witnesses for the defense were called they proved individual business transactions had with Mrs. Bashore and Stufflebeem and their representations and declarations in regard to the property. These declarations did not at all concern the personal property involved in this action. It was not shown that the plaintiff knew anything about them; it was not even shown that they were in any instance communicated to the defendant the Farmers' Union. Here, then, to

[1] 85 Am. Dec. 157.

the plaintiff's prejudice were introduced in evidence declarations, not of himself, but of his wife, not made in his presence, not made with his knowledge, and not even communicated to the defendant. By no possibility, therefore, could these representations, whether true or false, have influenced the conduct of the defendant in making the advancements to Mrs. Bashore, and still less could they have tended to raise an estoppel against the husband to prevent him from proving the truth as to his title. As is said in *Goodale* v. *Scannel,* 8 Cal. 27: "To estop the plaintiff it should appear that his declarations were communicated to the creditor, and that he parted with some right or advantage on the faith of the information. Not only is this fact not shown, but the defendant has failed to show that the plaintiff ever made any statement on the subject." (See, also, *Moore* v. *Boyd,* 74 Cal. 167; *The President, etc.,* v. *New York R. R. Co.,* 13 N. Y. 638; *People* v. *Bank of North America,* 75 N. Y. 561.) It is too plain to permit of discussion that there can be no estoppel unless the party who alleges it relied upon the representations and was induced to act by them, and, thus relying and induced, did take some action to his detriment. (2 Pomeroy's Equity Jurisprudence, sec. 812.)

Still graver becomes the error when it is considered that in this testimony the witnesses were allowed to repeat the declarations of Stufflebeem; so that the effect was that the plaintiff was to be injured and bound by the declaration of one a stranger in interest and occupying no relation to him which could give binding effect to his word. The Code of Civil Procedure itself succinctly declares (sec. 1848) that the rights of a party cannot be prejudiced by the declaration, act, or omission of another, except by virtue of some particular relation existing between them. As to the declarations of the wife made in the absence and without the knowledge of her husband, those declarations, of course, cannot be held to raise an estoppel where his title to the community property is involved. (*Rowe* v. *Hibernia Sav. and L. Soc.,* 134 Cal. 403; *Paden* v. *Goldbaum,* 37 Pac. (Cal.) 759.)

The court instructed the jury: "If a husband permit his wife to use his money or property, real or personal, as her own, for a considerable period of time, she incurring obligations and obtaining credit upon the faith and upon the belief

on the part of those from whom she obtained such credit that the property is her own, the husband will be estopped from claiming such property as his own against those extending such credit to his wife.'' The instruction is erroneous. Even where a married woman engages in trade it is presumed to be with the funds of the community, and the burden of proof is on the person asserting the property to be her separate property. (*Manning* v. *Burke,* 107 La. 456; *Jacobs & Co.* v. *Scott,* 53 Cal. 74; *Chaffee* v. *Brown,* 109 Cal. 211.) The instruction, moreover, eliminates from consideration the necessary elements of an estoppel as laid down by subdivision 3 of section 1962 of the Code of Civil Procedure.

The court further instructed the jury: ''If you believe from the evidence that any of the property involved in this action grew out of, or was bought by the rents, issues or profits of any real property owned by Mrs. Bashore, it is your duty to find for the defendants.'' The instruction is manifestly erroneous. It was their duty to find for the defendants, not generally, as the instruction declares, but only as to that particular property which the jury might find was so acquired by Mrs. Bashore.

In contemplation of a new trial and of the modifications of the rulings which will be made under this decision, we do not think it necessary to consider any of the other points raised by appellant.

For the foregoing reasons the order is reversed and the cause remanded for a new trial.

Lorigan, J., and McFarland, J., concurred.