[Civ. No. 1352. First Appellate District.—July 24, 1914.]

EDWARD J. HANSON, Plaintiff and Respondent, v. MORRIS SHERMAN et al., Defendants; F. PAUSON, Defendant and Appellant.

CORPORATIONS—ACTION TO ENFORCE STOCKHOLDERS' LIABILITY—SUFFICIENCY OF COMPLAINT.—In an action to enforce the liability of a stockholder in a corporation, an allegation in the complaint that at the time the indebtedness was incurred "there were subscribed, issued and outstanding nine thousand five hundred and eighty-eight shares, and no more, of the capital stock" of the corporation, constitutes a sufficient statement, in the absence of a special demurrer, of the total amount of the capital stock that was subscribed for at the time the obligation in suit was incurred.

ID.—SPECIAL DEMURRER—EFFECT OF OVERRULING WITH CONSENT OF DEFENDANT.—The overruling, with the express consent of the defendant, of a special demurrer to such complaint, is tantamount

to a withdrawal of the demurrer, in so far as it was grounded upon the ambiguities and uncertainties of the complaint.

ID.—EVIDENCE AS TO WHETHER DEFENDANT IS STOCKHOLDER—CONCLUSION OF WITNESS.—Where, on the issue in such case whether the defendant was a stockholder, the vice-president of the corporation is asked to state under what circumstances the stock in question was issued to the defendant, his answer that the stock "was issued by the corporation to Mr. F., trustee, for Mr. P., as a bonus for a loan of $25,000, which he had made to the M. Company," is properly stricken out as not responsive and as the conclusion of the witness.

ID.—CIRCUMSTANCES CONTROLLING ISSUANCE OF STOCK—ADMISSIBILITY IN EVIDENCE.—Upon the issue of whether or not the defendant was a stockholder in the corporation, evidence of the circumstances covering and controlling the issuance of the stock to him is competent, relevant, and material, provided it is accompanied with or followed by other evidence showing or tending to show that the circumstances of the transaction had been communicated to the defendant.

ID.—MAILING LIST OF NAMES OF STOCKHOLDERS—ADMISSIBILITY TO SHOW WHO ARE STOCKHOLDERS.—A list of names written upon the fly-leaf of the corporation's stock journal, as the persons to whom notices of stockholders' meetings were sent, is not admissible to show that the defendant was a stockholder, where the same is not followed by any evidence showing that notices had been sent to him.

ID.—ENTRY IN CORPORATION BOOKS AS EVIDENCE OF WHO ARE STOCKHOLDERS.—The entry of the defendant's name in such list did not constitute an entry of his name in the books of the corporation as a stockholder, within the meaning of section 322 of the Civil Code, so as to be *prima facie* evidence that he was the owner of stock in the corporation.

ID.—ASSERTION THAT PERSON IS STOCKHOLDER—WHETHER EVIDENCE OF SUCH FACT.—An assertion that the defendant was a stockholder in the corporation, made to him at a meeting of stockholders and creditors, is not evidence against him that he was a stockholder, unless the truth of the charge was admitted by him, either by his express answer, or his acquiescense indicated by his silence, or by acts and conduct which could be fairly construed as an assent.

ID.—ULTRA VIRES ISSUE OF STOCK AS PLEDGE—WHETHER CONSTITUTES PLEDGEE A STOCKHOLDER.—The *ultra vires* issuance of stock by a corporation as a pledge for the repayment of a loan does not have the effect of transforming the person receiving the same from a pledgee to a stockholder liable for the corporate debts.

ID.—WITNESS—CONCLUSION CONCERNING EFFECT OF TRANSACTION.—A witness may not testify as to his conclusions concerning the effect of a transaction, even where the facts themselves are disclosed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   B. V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

A. L. Weil, for Appellant.

Vogelsang & Brown, for Respondent.

LENNON, P. J.—This is an appeal by the defendant, Frank Pauson, from a judgment entered against him in the sum of $790.50, and from an order denying him a new trial, in an action instituted to determine and enforce his liability as a stockholder for the indebtedness of the Monadnock Brick Company, Incorporated.

The plaintiff's complaint proceeded upon the theory that the defendant, Pauson, was a stockholder in the corporation at a time when the corporation had made and delivered its two certain promissory notes in the aggregate sum of eleven thousand five hundred dollars to the City and County Bank, plaintiff's assignor.

The complaint alleged the nonpayment of these notes, and in effect prayed for a judgment against the defendant, as a stockholder of the corporation, for his proportionate share of the unpaid principal and interest due on said notes.   The defendant in his answer denied that he was a stockholder in the corporation.   The issue thus raised ultimately became the paramount question upon the trial of the case.

It was an admitted fact in the case that prior to the execution and delivery of the corporation's notes to plaintiff's assignor, the corporation, in consideration of a loan of twenty-five thousand dollars, had executed its promissory note in that amount, indorsed by its three directors, to the defendant, and at the same time issued and delivered to him a certificate for five hundred shares of the corporate capital stock in the name of the corporation's then secretary, A. Fieste, as trustee.

The action was defended upon the theory that the defendant had merely received the stock in question as security for the payment of the loan made by him to the corporation. The plaintiff, on the other hand, contended and attempted to show that the stock was issued, delivered, and accepted as

a bonus for the making of the loan, and that the defendant thereby became a stockholder of the corporation.

The trial court found as a fact from the evidence adduced upon the whole case that at the time the corporate indebtedness in suit was incurred, defendant was the equitable owner of five hundred shares of the corporation's stock, which stood upon its books in the name of A. Fieste as trustee, and deduced the conclusion of law therefrom, that the defendant was liable as a stockholder for his proportionate share of the indebtedness of the corporation.

At the outset it is contended that the plaintiff's complaint does not state facts sufficient to constitute a cause of action. This contention is based upon the assumption that the complaint does not allege the total number of shares of stock of the Monadnock Brick Company which were subscribed at the time the obligation to plaintiff's assignor was incurred. In this behalf the allegation of the complaint is "that at the time said sum was loaned by said City and County Bank to said Monadnock Brick Company and the aforesaid promissory notes executed therefor, there were subscribed, issued and outstanding nine thousand five hundred and eighty-eight shares, and no more, of the capital stock of said Monadnock Brick Company." The ambiguity and uncertainty, if any, existing in this allegation could have been corrected by the interposition of a special demurrer. Such a demurrer was in fact interposed. The demurrer, however, was overruled with the express consent of the defendant. This was tantamount to a withdrawal of the demurrer, in so far as it was grounded upon the ambiguities and uncertainties of the complaint. (*Evans* v. *Gerken,* 105 Cal. 311, [38 Pac. 725].)

This left the complaint standing as if no special demurrer had been interposed, and in the absence of such a demurrer, we are satisfied that the complaint contained a sufficient statement of the total amount of the capital stock of the corporation that was subscribed for at the time the obligation in suit was incurred. (*Bashore* v. *Parker,* 146 Cal. 525, [80 Pac. 707] ; *Thomas* v. *Wentworth Hotel Co.,* 158 Cal. 275, [139 Am. St. Rep. 120, 110 Pac. 942].) The allegation of the complaint in this behalf was not denied by the answer of the defendant; therefore the total number of shares subscribed in the corporation at the time the indebtedness in suit was incurred, was, as pleaded in the plaintiff's complaint, an ad-

mitted fact in the case. Consequently no evidence was
necessary to sustain the finding of the trial court upon this
phase of the case.

F. H. Hilbert, vice-president of the Monadnock Brick Company, was a witness for the plaintiff. During the course of
his direct examination, he was asked to state the circumstances
under which the stock in question was issued to the defendant.
Objection was made to the question in effect upon the ground
that evidence of the circumstances concerning and controlling
the issuance of the stock was incompetent unless such circumstances were shown to have been communicated to the defendant. The objection was overruled and the witness allowed to
answer that the stock "was issued by the corporation to Mr.
Fieste, trustee, for Mr. Pauson, as a bonus for a loan of
$25,000, which he had made to the Monadnock Brick Company." A motion to strike out the answer upon the ground
stated in the objection and upon the further ground that the
answer stated merely the conclusion of the witness was denied.

Upon the issue of whether or not the defendant was a
stockholder in the corporation, evidence of the circumstances
covering and controlling the issuance of the stock to him was
competent, relevant, and material, provided such evidence was
accompanied with or followed by other evidence showing or
tending to show that the circumstances of the transaction had
been communicated to the defendant. (Jones on Evidence,
sec. 517.)

The trial court apparently overruled the objection upon
the assumption that the defendant's knowledge of the circumstances under which the stock was issued would be subsequently shown by other evidence. If this be so, the objection
as made was rightly overruled for the time being, and if the
witness had answered the question propounded to him, and
his testimony had been followed by competent evidence that
the circumstances of the transaction had been communicated
to the defendant, no fault could be finally found with the
ruling of the trial court. The question as propounded, however, was not answered by the witness. His answer cannot be
construed to be even an attempt to narrate the circumstances
under which the stock in question was issued to the defendant. At its best, his answer embodied no more than his mere
conclusion as to the result of some undisclosed action which
may have been taken by the officers of the corporation con-

cerning the issuance of the stock in question. A witness may not testify as to his conclusions concerning the effect of the transaction, even where the facts themselves are disclosed; and surely he should not be permitted to give in evidence his conclusions, adduced from undisclosed facts and circumstances. The legal effect of the issuance of the stock to the defendant was the paramount point in controversy in the present case, and this was a question which should have been decided by the trial court upon a consideration of the facts of the transaction, whatever they may have been, unaided and uninfluenced by the conclusion of the witness. The motion to strike out the answer complained of should have been granted.

Further along in the testimony of the witness Hilbert, it appeared that a list of names with the heading, "Notice sent to the following," was written upon the fly-leaf of the corporation's stock journal. This list of names was offered in evidence upon behalf of the plaintiff, whereupon objection was made upon the ground that it was incompetent, irrelevant, and immaterial, that it was not shown that the list of names was made and issued in the regular course of the business of the corporation, and that it did not appear "that the defendant . . . was cognizant of the fact that his name appears there, and it was an attempt to bind him by something not done in his presence." In response to a question from the court as to the purpose of offering the list in evidence, counsel for the plaintiff stated, "I am going to follow it up by showing that Mr. Pauson was on the list; (that) he was the party to whom notice was to be given; that the secretary always did send out notices to attend stockholders' meetings to him. I want to show he was a stockholder." The objection was overruled, and the list, which included the name of the defendant, was received in evidence, presumably for the purpose stated. The question as to whether or not such list was admissible in evidence as a foundation for proof of the further fact that notices to stockholders were usually sent to the parties, including the defendant, whose names appeared thereon, is of no consequence, and need not be decided, in view of the fact that the admission of the list in evidence was not followed by any evidence showing that such notices had been sent to the defendant. The only evidence upon this point is to be found in the testimony of the witness Hilbert, which was to the effect that he knew that the bookkeeper of the corpora-

tion had been instructed to send notices of the corporation's affairs to the parties whose names appeared upon the list, but he did not know of his own knowledge that such instructions had in fact been complied with. If the name of the defendant had been entered on the stock-book of the corporation as a stockholder, such entry would have been *prima facie* evidence that he was the owner of stock in the corporation. (Civ. Code, sec. 322 et seq.) And if such proof had been made, then in this action to enforce his liability as a stockholder, the burden of proving that he was not a stockholder would have been upon him. (Jones on Evidence, sec. 517.) But it is an admitted fact in the case that the defendant's name was not entered as a stockholder upon the books of the corporation; and while the preliminary proof received in support of the offer of the list in evidence may have been sufficient to show that it was prepared by the bookkeeper of the corporation for the purpose of forwarding notices to real or supposed stockholders, nevertheless such list cannot be construed and considered as an entry in the books of the corporation within the meaning of section 322 of the Civil Code; and therefore such list in and of itself did not constitute any evidence of the fact that the defendant was a stockholder in the corporation. It follows that the ruling of the trial court was erroneous in so far as the list in question was received in evidence for the purpose of showing that the defendant was a stockholder.

In addition to the evidence erroneously admitted under the rulings previously noted, plaintiff attempted to show that the defendant was present at a stockholders' meeting of the corporation, that he made no reply when asked by a creditor of the corporation "to advance money to the corporation because . . . he was a stockholder—or something to that effect."

If the defendant had attended this meeting as a real or ostensible stockholder, and while there had failed to deny the assertion that he was a stockholder, this doubtless would have been some evidence tending to show that he had received and accepted the stock in controversy as a bonus, and not, as he· testified, as collateral security for the payment of the corporation's notes to him. But the evidence falls far short of showing any such situation. In the first place, as the evidence shows, the meeting referred to was not composed exclusively of stockholders—to the contrary, it shows that the creditors

of the corporation were invited to be present "in order to see what they could do to straighten out" the affairs of the corporation, and in response to that invitation, many of the creditors attended the meeting. The defendant was present at the meeting. Admittedly he was a creditor of the corporation; and the evidence does not show that he attended the meeting in any other capacity. Consequently it cannot be said that the plaintiff's evidence affirmatively shows that the defendant attended the meeting as a real or ostensible stockholder, and his presence in any other capacity will not weigh as evidence against him. The charge that the defendant was a stockholder in the corporation was not evidence against the defendant unless the truth of the charge was admitted by the defendant either by his express answer, or his acquiescence as indicated by his silence, or by acts and conduct on his part which could be fairly construed as an assent.

While the testimony of two witnesses for the plaintiff is positive upon the point that at the meeting referred to one of the creditors in effect charged the defendant with being a stockholder, yet neither witness testified that the defendant remained silent under the charge. One witness was unable to recall the defendant's reply, and the other refused to say that he made no answer. On the other hand, the defendant as a witness in his own behalf, while admitting that he was in effect charged by a creditor of the corporation with being a stockholder, testified, "I told him positively that I did not own a share of stock in the company." Clearly the evidence upon this phase of the case failed to show that the defendant by acquiescence or otherwise admitted the truth of the charge that he was a stockholder in the corporation. Incidentally it is contended that the corporation could not legally issue its stock as a pledge for the repayment of a loan, and from this it is argued that it must be presumed as a matter of law, that the stock in question was issued and accepted in pursuance of a lawful purpose, and the benefit, as evidence, of the asserted presumption is claimed in aid of the finding of the trial court.

Ordinarily, of course, the issuance and acceptance of corporate stock, regular upon its face, carries with it a presumption that such stock was issued for a lawful purpose, but we apprehend that no such presumption prevails in the presence of proof to the contrary; and conceding without deciding that

the issuance of the stock in question as a pledge was an act *ultra vires,* such issue would be a nullity, and certainly would not have the effect of transforming the defendant from a pledgee into a stockholder.

The testimony concerning defendant's presence at the meeting of the stockholders, and the charge made there that he was a stockholder, coupled with the testimony hereinbefore referred to in the discussion of the rulings of the trial court, constitutes practically all of the evidence upon which the plaintiff relied at the trial to show that the defendant was a stockholder of the corporation. The evidence adduced upon behalf of the defendant did not develop anything in aid of the plaintiff's case, or which tended in any degree to support the finding in question; and if, as previously indicated, the testimony as to what transpired at the stockholders' meeting did not constitute any evidence against the defendant, it follows that the finding of the trial court that he was the equitable owner of the stock in question is supported only by the evidence which was erroneously admitted. This being so, it is obvious that such finding is not supported by any competent evidence.

For the reasons stated, the judgment and order appealed from are reversed and the cause remanded for a new trial.

Richards, J., and Kerrigan, J., concurred.