## H. R. NEITZEL and J. I. GOLDSTEIN, Copartners Doing Business Under the Name and Style of BANNOCK MOTOR SALES COMPANY, Respondents, v. J. W. LAWRENCE, Appellant.

[231 Pac. 423.]

CONDITIONAL SALE CONTRACT—LIEN FOR REPAIRS AND STORAGE—PRIORITY —PAYMENT—WAIVER—ESTOPPEL—PLEADING.

1. Mere silence will not work an estoppel, but the circumstances must be such that there is both a specific opportunity and a real or apparent duty to speak.

2. In order to establish waiver, the intention to waive must clearly appear, and it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by his conduct, the opposite party was misled to his prejudice into the honest belief that such waiver was intended or consented to.

3. Estoppel *in pais* must be pleaded with certainty in every particular, and the facts must be set forth with great particularity and precision, leaving nothing to intendment.

4. In an action for the specific recovery of personal property, when the defendant contests the case upon the claim of ownership and right of possession in himself, no previous demand by the plaintiff is necessary.

5. A conditional sale contract, in the absence of fraud, is good and valid, as well against third persons as against the parties to the transaction, and a bailee of personal property cannot convey the title, or subject it to execution for his own debts, until the condition on which the agreement to sell was made has been performed.

6. Gasoline and nonfreezing mixture furnished for use in a truck do not entitle the person furnishing them to a lien under the provisions of C. S., secs. 6412 and 6413.

7. Where repairs are made on personal property at the request of a conditional vendee, in express violation of the conditional sale contract, without the request of the owner of the

Publisher's Note.

1. Estoppel by acquiescence or silence, see notes in 57 **Am. Rep.** 429; 10 **Am. St.** 22.

property and no authorization or ratification on the part of the owner is shown, the person making the repairs is not entitled to a lien under C. S., sec. 6413.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. T. Bailey Lee, Judge.

Action in claim and delivery. Judgment for plaintiff. *Affirmed.*

E. D. Reynolds and E. R. Dampier, for Appellant.

Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by labor or skill employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due him from the owner, for such service. (C. S., sec. 6412.)

A conditional vendor, by accepting partial and overdue payments, waives strict compliance and cannot claim a forfeiture for nonpayment, without giving the purchaser reasonable notice and an opportunity to perform. (*Burdick v. Tum-A-Lum Lumber Co.*, 91 Or. 417, 179 Pac. 245.)

In trover the measure of damages where property was sold under a reservation of title is the amount due on the price with interest, unless that amount exceeds the value of the property at the time of conversion, in which event the damages would be the value of the property at that time with interest to the trial. (*Hall v. Nix*, 156 Ala. 423, 47 So. 335; *Winton Motor Carriage Co. v. Blomberg*, 84 Wash. 451, 147 Pac. 21.)

Henry M. Hall and Davidson & Davison, for Respondents.

The validity of a conditional sale note and the right of the vendor to follow the property and recover the same, in the event of default, is the settled law in this state. (*Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285; *Mark-Means Transfer Co. v. McKinzie*, 9 Ida. 165, 73

Pac. 135; *Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623; *Pease v. Teller Corp.,* 22 Ida. 807, 128 Pac. 981; *Peasley v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216; *Miller-Cahoon v. Lawrence,* 31 Ida. 704, 176 Pac. 774; *Berlin Machine Works v. Dehlbom Lumber Co.,* 32 Ida. 566, 186 Pac. 513; 24 R. C. L. 752.)

Right of conditional vendor under a conditional sale contract is superior to a garageman's claim for lien for repairs, made to an automobile, at the request of the conditional vendee. (*Shaw v. Webb,* 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141; *Weber Implement & Auto Co. v. Pearson,* 132 Ark. 101, 200 S. W. 273; *Drummond Carriage Co. v. Mills,* 54 Neb. 417, 69 Am. St. 719, 74 N. W. 966, 40 L. R. A. 761; *Broom & Son v. S. S. Dale & Sons,* 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146; *Wilcox v. Mobley,* 116 Wash. 118, 198 Pac. 728; 24 R. C. L., sec. 755; *Lowe v. Woods,* 100 Cal. 408, 38 Am. St. 301, 34 Pac. 959; C. S., secs. 6412, 6413.)

There is no right to a lien for materials furnished as ordinary sales. (C. S., sec. 6412; *Weber Implement & Auto Co. v. Pearson, supra.*)

Right of a conditional vendor under a conditional sale contract is superior to a claim of lien for storage. (*Mortgage Securities Co. v. Pfaffman,* 177 Cal. 109, 169 Pac. 1033, L. R. A. 1918D, 118; *Wilson v. Donaldson,* 121 Cal. 8, 66 Am. St. 17, 53 Pac. 404, 43 L. R. A. 524; *Lowe v. Woods,* 100 Cal. 408, 38 Am. St. 301, 34 Pac. 959.)

Silence is estoppel only when vendor knows that vendee is about to deal with a definite person. (10 R. C. L. 693; 21 C. J. 1157; *Hunt v. Reilly,* 24 R. I. 68, 96 Am. St. 707, 52 Atl. 681, 59 L. R. A. 206.)

No demand is necessary in an action for recovery of specific personal property where defendant contests under claim of ownership and right of possession in himself. (*Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458.)

Before silence gives rise to a promise or acquiescence from which an agency may be implied, there must be full knowledge on the part of the principal. (2 C. J. 443.)

BUDGE, J.—The action herein involved is one in claim and delivery, brought by respondents to recover from appellant the possession of a Maxwell truck or its value in case a delivery could not be had. It is apparent from the record that upon the seizure of the truck by the sheriff, appellant furnished a redelivery bond and retained possession of the truck. The cause was submitted to the trial court sitting without a jury, upon a stipulation of facts entered into between counsel for the respective parties. Findings of fact and conclusions of law being expressly waived, the court, after due consideration, awarded judgment in favor of respondents for the possession of the truck, or, in case delivery could not be had, that respondents recover from appellant and his sureties the sum of $916.80, the value of the truck. From this judgment this appeal is taken.

A summary of the stipulated facts sufficient to determine the questions involved in this appeal is as follows: That on April 14, 1918, respondents were the owners of a Maxwell truck, which on that day they sold to one Charles Clemens, the latter making a payment in cash and executing a conditional sale or title retaining note for the balance of the purchase price, payable in instalments of $50 per month, delivery of the truck being made to Clemens; that Clemens made a payment of $100 on April 14, 1919, and $220 on May 1, 1920, which payments were duly indorsed and credited on the note; that at the commencement of this action the sum of $580 and interest remained due upon the note; that respondents did not consent to the sale or encumbrance of the truck by Clemens to any other person; that on July 20, 1920, Clemens was in default in the payment of the conditional sale note; that between December 3, 1919, and March 6, 1920, the Eden Auto Company sold to Clemens certain oil, gasoline and nonfreezing mixture, made certain repairs on the truck and stored the same, the charges for which amounted to $212.75 and that they made demand upon Clemens for the payment thereof; that he refused and neglected to pay the same; that thereupon the

Eden Auto Company caused the truck to be advertised for sale as provided by statute, and after due and legal notice published as required by statute, on or about May 21, 1920, sold the truck to one L. B. Price, the highest bidder at such sale, for $175 and executed a bill of sale of the truck to him; that thereafter Price sold and transferred the truck by bill of sale to one B. O. Barnes, who on or about June 14, 1920, sold the same to appellant, executing and delivering to him a bill of sale therefor, the truck remaining in the possession of appellant until the commencement of this action; that on July 20, 1920, respondents demanded possession of the truck from appellant but the latter refused to surrender possession; that the actual value of the truck was $764, with interest at ten per cent from July 20, 1920; that neither the Eden Auto Company, B. O. Barnes nor appellant had any knowledge of the title retaining note or that the truck was not completely paid for.

Four assignments of error are specified and relied upon for a reversal. Appellant first contends that respondents waived the conditions of their title retaining note providing for forfeiture in the event of a breach of the conditions and argues that upon the failure of respondents to exercise their right of forfeiture when a breach of the contract occurred, the title to the truck passed to appellant, they thereby waived their right of forfeiture and were estopped to assert their title. There is nothing in the record to show that respondents had knowledge of the various transfers of the property until immediately prior to the bringing of this action. Until this is shown, and the burden was upon appellant to do so, the doctrine of waiver or estoppel cannot be invoked. Mere silence will not work an estoppel, but the circumstances must be such that there is both a specific opportunity and a real or apparent duty to speak. (*Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167.) Furthermore, it appears from the stipulation of facts that at the time appellant purchased the truck in question he had no knowledge of the conditional sale note or that respondents had any claim upon the truck. If appellant knew nothing of respondents'

interest in the truck, any action, failure to act or conduct on the part of respondents cannot be taken advantage of by appellant.   In the case of *City of Coeur d'Alene v. Spokane etc. R. R. Co.,* 31 Ida. 160, 169 Pac. 930, it was held that:

"In order to establish waiver the intention to waive must clearly appear, and it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby unless, by his conduct, the opposite party was misled to his prejudice into the honest belief that such waiver was intended or consented to."

To the same effect, see 40 Cyc. 261; *Smith v. Faris-Kesl Const. Co., Ltd.,* 27 Ida. 407, 150 Pac. 25; *Katz v. Obenchain,* 48 Or. 352, 120 Am. St. 821, 85 Pac. 617; *Bashore v. Parker,* 146 Cal. 525, 80 Pac. 707; *Goodale v. Scannel,* 8 Cal. 27.   It therefore cannot be said that appellant, who had no knowledge of respondents in the transaction, or of the conditional sale note, could have been misled by the conduct of respondents in failing to declare a forfeiture, and honestly believed that such waiver was intended or consented to, and that acting upon such belief he purchased the truck.

A further reason why appellant's contention cannot be upheld is that he has failed to plead estoppel or waiver. In *Seat v. Quarles, supra,* it was held that: "Estoppel *in pais* must be pleaded with certainty in every particular and the facts must be set forth with great particularity and precision, leaving nothing to intendment," the court saying: "If the respondents had intended to claim that appellant was estopped from asserting his mortgage lien by reason of any conduct or conversation had in reference thereto, this defense should have been especially pleaded, and the facts relied upon as constituting such estoppel should have been alleged with the most careful particularity."

See, also, 10 R. C. L. 844.

Appellant, in his second assignment of error contends that respondents did not give appellant reasonable notice and an opportunity to perform before commencing action in claim and delivery.   In the case of *Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458, it was said:

"The rule is well settled that in an action for the specific recovery of personal property, when the defendant contests the case upon the claim of ownership and right of possession in himself, no previous demand by the plaintiff is necessary" (citing cases).

It follows that if demand was unnecessary prior to bringing suit that reasonable notice and an opportunity to perform were likewise unnecessary where the defendant contested the case upon the claim of ownership and right of possession in himself. The case of *Burdick v. Tum-A-Lum Lumber Co.,* 91 Or. 417, 179 Pac. 245, relied upon by appellant, is not in point for the reason that the conditional vendor in that case recognized the transfer of the property by the purchaser to a third person and accepted payments from the latter after the right of forfeiture had accrued and therefore waived strict performance and could not thereafter claim a forfeiture without giving the third person reasonable notice of its intention and an opportunity to perform. In the instant case respondents refused to recognize the transfer to appellant.

Appellant's next contention is that respondents, by their agreement with appellant, and by their conduct, made it possible for the garageman to acquire a valid lien on the truck, for storage charges at least. Appellant has not called attention to and we are not able to find in the record any agreement had between appellant and respondent authorizing the lien for storage charges or otherwise. Under no circumstances do we think that the Eden Auto Company was entitled to a lien under C. S., sec. 6412, for the gasoline and nonfreezing mixture furnished for use upon the truck. Under the provisions of C. S., sec. 6413, repairs and alterations on personal property can be made only at the request of the owner, in order to give a lien. It is conceded that the owner never requested that the alterations or repairs be made on the truck, and it is not contended that the original vendee, Clemens, was the agent of respondents and authorized to have such repairs made, nor is there any evidence that such acts were ratified by respondents; in

fact, the conditional sale note provides that all repairs and alterations on the truck shall be made in the shop of respondents. The rule would seem to be that the claim of a vendor under a conditional sale contract is superior to a claim of lien for storage. (*Lowe v. Woods,* 100 Cal. 408, 38 Am. St. 301, 34 Pac. 959.) We have already considered the effect of lack of knowledge of the respondents as to the transfers and the rule has equal application to the Eden Auto Company. As to the priority between the lien for repairs of the Eden Auto Company, if they have one, and the conditional sale note of respondents, the case of *Van Ausdale Hoffman Piano Co. v. Jain,* 39 Ida. 563, 228 Pac. 343, would seem to determine this question, where it is said:

"This court, in the case of *Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165–173, 73 Pac. 135, quoted with approval the language of the Supreme Court of the United States in *Harkness v. Russell,* 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285: 'It is only necessary to add that there is nothing either in the statute or adjudged law of Idaho to prevent, in this case, the operation of the general rule, which we consider to be established by overwhelming authority, namely, that, in the absence of fraud, an agreement for a conditional sale is good and valid, as well against third persons as against the parties to the transaction; and the further rule, that a bailee of personal property cannot convey the title, or subject it to execution for his own debts, until the condition on which the agreement to sell was made has been performed.' "

The Eden Auto Company never acquired a right to the possession of the truck, as against respondents, by virtue of its lien. Consequently, appellant acquired no right to possession through subsequent purchasers as against respondents.

In his last assignment of error, appellant claims that the amount of the judgment rendered against him and his sureties is too large. The stipulation of facts contains the following:

40 Idaho—**3**

"That the actual value of said Maxwell truck is Seven Hundred Sixty Four Dollars, with interest at the rate of 10 per cent per annum from July 20, 1920."

Judgment was entered on July 17, 1922, and a computation of principal and interest according to the stipulation fixes the value of the car on the date judgment was rendered as $916.80, which corresponds with the value of the truck as found by the court.

The judgment of the lower court should be affirmed and it is so ordered. Costs are awarded to respondents.

McCarthy, C. J., and Wm. E. Lee, J., concur.