(December 30, 1915.)

## AMERICAN MINING COMPANY, LIMITED, a Corporation, Respondent, v. ESTELLE TRASK and GEORGE R. TRASK, Wife and Husband, Appellants.

[156 Pac. 1136.]

RESULTING TRUSTS—STATUTES OF LIMITATION—LACHES.

1. If one obtains title to land by artifice or concealment, equity will enforce a trust in favor of the party justly entitled thereto.

2. The knowledge of an officer of a corporation of his claim in fraud of its rights is not notice to the corporation of such claim.

3. *Held*, that this action is not barred by the provisions of sec. 4036, Rev. Codes, fixing the period of limitation of time within which actions for the recovery of real property, or the possession thereof, may be commenced and maintained.

4. Independent of any statute of limitation, courts of equity uniformly decline to assist persons who have slept upon their rights and who show no excuse for their laches in asserting them, but this rule is not invoked or applied by courts in cases where it manifestly appears that its application is not essential in order to protect the adverse party from being placed in a worse condition by reason of the delay than he would have been had the action been prosecuted with greater diligence.

[As to enforcement in equity of stale claims, see note in **Ann. Cas.** 1914B, 314.]

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action to have title to certain real estate standing of record in the name of Estelle Trask decreed' to be held by her in trust for the use and benefit of the American Mining Company, Limited. Judgment for plaintiff. *Affirmed.*

Franklin Pfirman, for Appellants.

No trust arises upon such a state of facts as is involved in this case. (*Ducie v. Ford*, 138 U. S. 587, 11 Sup. Ct. 417, 34 L. ed. 1091; *Stevens v. McChrystal*, 150 Fed. 85, 80 C. C. A. 39.)

The knowledge acquired by Potter in May, 1906, must be imputed to the company of which he became president on June 30, 1906, as shown by the record. (*Olympia Mining & Milling Co. v. Kerns*, 24 Ida. 481, 135 Pac. 255; *California Consol. Min. Co. v. Manley*, 10 Ida. 786, 81 Pac. 50; 2 Pomeroy's Eq. Jur., secs. 666, 667, 672.)

In a suit to establish a resulting trust in mining lands, the contract sought to be enforced must be fully and clearly proved. A mere preponderance of the evidence is insufficient. (*Rice v. Rigley*, 7 Ida. 115, 61 Pac. 290; *Nelson v. Hudgel*, 23 Ida. 327, 130 Pac. 85; 3 Pomeroy, Eq. Jur., sec. 1058.)

Both express and implied trusts may be repudiated by adverse possession, and, if repudiated, the statute of limitations begins to run from the time the beneficiary has notice of the repudiation. (*Olympia Mining & Milling Co. v. Kerns*, 24 Ida. 481, 135 Pac. 255; Wood on Limitations, sec. 200.)

When one by his own carelessness or negligence fails to acquire knowledge that is within his reach, and such information is upon the proper records which impart constructive notice, the person cannot protect himself behind the plea that he did not know facts of which the law imputes knowledge to him and thus suspend the running of the statute. (*Coe v. Sloan*, 16 Ida. 49, 100 Pac. 354; 5 Pomeroy, Eq. Jur., sec. 27; *Hecht v. Slaney*, 72 Cal. 363, 14 Pac. 88; *Board of Commrs. v. Renshaw*, 23 Okl. 56, 99 Pac. 638, 22 L. R. A., N. S., 207, and cases cited in note.)

"Where the trial court fails to find on all the material issues, including those made by affirmative defenses, the judgment will be reversed, unless a finding thereon either for or against the successful party would not affect the judgment entered." (*Carson v. Thews*, 2 Ida. 176, 9 Pac. 605; *Tage v. Alberts*, 2 Ida. 271, 13 Pac. 19; *Bowman v. Ayers*, 2 Ida. 305, 13 Pac. 346; *Standley v. Flint*, 10 Ida. 629, 79 Pac. 815; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490; *State v. Baird*, 13 Ida. 126, 89 Pac. 298; *Brown v. Macey*, 13 Ida. 451, 90 Pac. 339; *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374; *Village of Hailey v. Riley*, 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Uhrlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784; *Thomas v. Clayton Piano Co.* (Utah), 151 Pac. 543; *Griswold v. Winters*, 26 Cal. App. 758, 148 Pac. 527; *Lyden v. Spohn-Patrick Co.*, 155 Cal. 177, 100 Pac. 236; *Kellogg v. King*, 114 Cal. 378, 55 Am. St. 74, 46 Pac. 166; *Duff v. Duff*, 71 Cal. 513, 12 Pac. 570; 2 Spelling on New Trial and Appellate Practice, sec. 591.)

A. G. Kerns and W. W. Bixby, for Respondent.

The statute of limitations as between trustees and *cestuis* in cases of resulting trustees has no application, and laches do not apply in the circumstances of this case. (2 Perry on Trusts and Trustees, sec. 863; 1 Perry on Trusts and Trustees, secs. 124, 129, 227.)

The doctrine of laches, as understood in courts of equity, implies injury to the party pleading it as a defense. Where the situation of the parties has not been altered, and one has not been put in a worse condition by the delay of the other, the defense of laches does not generally apply. (*Parker v. Bethel Hotel Co.*, 96 Tenn. 252, 34 S. W. 209, 31 L. R. A. 706; *Hamilton v. Dooly*, 15 Utah, 280, 49 Pac. 769.)

When, therefore, the parties remain in the same relative position, and the delay has worked no serious wrong to the adverse party, so that justice can still be done, the claimant should not be refused relief on the ground of laches. (*Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 654, 133 Am. St. 140, 102 Pac. 381.)

MORGAN, J.—This action was commenced by respondent, American Mining Company, Limited, a corporation, for the purpose of procuring a decree of the district court to the effect that title to certain real estate held by appellants in the name of Estelle Trask is so held in trust for the use and benefit of respondent and to procure a conveyance thereof to it.

Respondent, by deed dated November 11, 1899, and acknowledged and recorded in March, 1900, acquired the ownership, subject to the paramount title of the United States, of certain mining ground known as the "Kola Lode Mineral Claim," situated in Placer Center Mining District, Shoshone county, Idaho. It appears that a portion of the land embraced within the boundaries of this claim, upon which is located the mouth of the tunnel and the dump, was also embraced within the boundaries of what was known as "Granite State Mill Site," claimed by one Keane and one McDonald, and that McDonald, in 1901, applied for a government patent to it. It further appears that prior to the issuance of the patent the appellant, George R. Trask, who was vice-president of respondent corporation, threatened the owners of Granite State mill site that respondent would protest the application for patent and file an adverse claim unless its claim to the land in conflict was protected. Whereupon it was orally agreed that if no protest or adverse claim was filed, and if respondent would contribute $100 toward the expense of procuring the patent, the mill site claimants would, when patent was issued, deed to respondent that portion of the land within the mill site boundaries lying north of a certain creek, which tract includes the tunnel site and dump. No protest or adverse claim was filed and the patent to the mill site was duly issued. Neither the respondent nor its officers or agents contributed toward the expense of procuring the patent at the time it was procured, and the mill site owners declined to deed it the land in question, when requested so to do, claiming the offer to make payment, when it was finally made, came too late. A number of unsuccessful efforts were made by the officers of respondent to procure the conveyance to it

of the land in question, and subsequently the owners of the mill site sold it, together with other property, to one Samuels and one Featherstone, who had organized, or were organizing, the Success Mining Company, and who had full knowledge of the claim of respondent that the land north of the creek should be conveyed to it.

The organizers of Success Mining Company desired to acquire certain mining ground which could be conveniently worked only by means of a tunnel, the portal of which was located upon ground owned by a corporation known as the "Belle of the West Mining Company," in which appellant, George R. Trask, was a stockholder, and as a part of the transaction whereby the Success Company acquired the mill site property, an agreement was reached whereby the Belle of the West Company was to deed to the Success Company the land occupied by the portal of the tunnel and the Success Company was to deed to the Belle of the West Company certain other land, and, while there is conflict in the testimony upon this point, the great weight of evidence supports the conclusion that it was also agreed that the Success Company should deed to respondent the land here in controversy which it was acquiring from the mill site company, and that it was upon the understanding and agreement that title to it should go to respondent that the transfers were made. With respect to this land Keane, one of the owners under the mill site patent, testified:

"Q. Who was this to be deeded to?

"A. This half was to be deeded to the American Mining Company. Mr. Trask never would have got title to it, only he said he wanted it for the American Mining Company. I know he mentioned the Kola."

Mr. Featherstone testified: "Mr. Trask had complained to me repeatedly about Keane's not giving him that piece of land there for the American Mining Company that covered the dump and the mouth of the tunnel. He had spoken to me not only after Keane was there, and we had conversation, but at various other times. And when I had this deal on between the Granite Mining Company and Samuels I went

to him and told him, 'Now, we could make an arrangement so that the American Company could get that dump and mouth of the tunnel.' And he understood it perfectly at the time the agreement was made, that we were making the agreement so the American Company and Belle of the West Company could both get a piece of that land. And he knew it was agreed that it was to be the Belle of the West Company, and it was understood between him and me that no consideration was to be required by the Belle of the West Company for the portion of it that went to the American Company.

"Q. Was there any discussion of the question, or any mention of the American Mining Company in the agreement?

"A. It was thoroughly understood by Trask and I that ·that portion of it was to go to the American. There was no question that it would ever be otherwise."

The evidence shows that pursuant to this understanding the Success Company, on December 11, 1905, deeded the land in question to appellant, Estelle Trask, upon the representations made by appellant, George R. Trask, to the officers of the last named corporation that he desired it deeded to her because he had not fully completed certain arrangements with respondent. Upon this point the sixth and seventh findings of fact, which we find to be fully supported by the evidence, are as follows:

"6. That the defendant George R. Trask wrongfully induced the Success Mining Company to make a conveyance of said parcel of land to Estelle Trask, his wife, without any consideration, upon representations that the conveyance was to and for the benefit of the plaintiff.

"7. That the defendants have at all times since held the legal title to said premises in trust for the plaintiff, and the plaintiff is entitled to a decree to that effect."

The trial resulted in a judgment in favor of respondent, from which an appeal was taken to this court.

There appear in appellant's brief 19 assignments of error, which will not, however, be separately considered, since many of them present immaterial points.

While there was no express agreement between appellants and respondent that Estelle Trask should take and hold the title for the use and benefit of the American Mining Company, the facts disclosed by the record leave no doubt that a resulting trust exists.

"Resulting trusts are trusts that the courts presume to arise out of the transactions of parties, as if one man pays the purchase money of an estate, and the deed is taken in the name of another. Courts presume that a trust is intended for the person who pays the money." (Perry on Trusts and Trustees, sec. 26.)

It is said in Bouvier's Law Dictionary (Rawle's Third Revision), 3329, citing *Felix v. Patrick*, 145 U. S. 317, 12 Sup. Ct. 862, 36 L. ed. 719: "If one obtains a title to land by artifice or concealment equity will enforce a trust in favor of the party justly entitled thereto." (See, also, 39 Cyc. 104.)

Appellants urge that this action is barred by the statute of limitations, but this contention cannot be sustained. While Trask testified that notice of appellants' claim to the land in controversy was, in 1905, communicated to one Potter, who thereafter became president of respondent corporation, and who is now dead, we are, we think, fully justified in concluding from the whole record before us that such information was not actually communicated to any officer of the company, other than Trask himself, until on or about January 10, 1910, at which time appellants served upon respondent's directors a written notice from which their claim to title, adverse to respondent, must have been inferred. The knowledge of Trask, while an officer of the corporation, of his claim in fraud of its rights was not notice to the corporation of such claim. (*Smith v. Wallace National Bank*, 27 Ida. 441, 150 Pac. 21, and cases therein cited.)

While it is true the deed to Estelle Trask was recorded more than eight years prior to the commencement of this action, it is also true that during all of that time respondent had open, notorious, exclusive, and adverse possession of the

property without objection upon the part of appellants until they served upon its directors the written notice above mentioned, which was less than five years prior to the commencement of the action; also during all that time it owned the equitable title, and the naked record title was held for its use and benefit by appellant, Estelle Trask, and it was, therefore, seised and possessed of the property as by the terms of sec. 4036, Rev. Codes, required, and the action is not barred by the provisions of that section, which is as follows:

"No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seised or possessed of the property in question within five years before the commencement of the action; and this section includes possessory rights to lands and mining claims."

The other sections of the code cited and relied upon by appellants, fixing the period of limitation within which actions may be commenced, do not appear to us to have any application to the case at bar.

It is further urged by appellants that the cause of action is barred by respondent's laches in its failure to commence and prosecute its action within a reasonable time after its cause of action accrued, but it does not appear that appellants have, or that anyone else has, been injured or in any way placed to disadvantage by the delay.

In the case of *Just v. Idaho Canal etc. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381, this court said relative to the general rule, that independent of any statute of limitation, courts of equity uniformly decline to assist a person who has slept upon his rights, and shows no excuse for his laches in asserting them, as follows: "As we understand the rule, however, it has this exception, that it is not invoked or applied by the courts in cases where it manifestly appears that its application is not essential in order to protect the adverse party from being placed in a worse condition by reason of the delay than he would have been in had the action been prosecuted with greater diligence."

It appears from the record in this case that appellants paid no consideration for the land in controversy; that they procured the deed to be executed and delivered to one of them through false and fraudulent representations that it was for the use and benefit of respondent; that they have never occupied or improved the property or expended any money or anything of value upon it, and that respondent's delay in commencing its action after becoming aware of appellants' true motive in procuring the property to be deeded to Mrs. Trask has not resulted in their injury or disadvantage.

We find no error in the record and the judgment of the trial court is accordingly affirmed. Costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.


ON REHEARING.

(May 3, 1916.)

Material Issues—Findings of Fact—Failure to Find.

1. Where it appears upon rehearing that the trial court has failed to make findings of fact upon each and all of the material issues made by the pleadings, the judgment will be reversed and the cause remanded for additional findings.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action to have title to certain real estate standing of record in the name of Estelle Trask decreed to be held by her in trust for the use and benefit of the American Mining Company, Limited. Judgment for plaintiff. *Reversed.*

Franklin Pfirman, for Appellants.

A. G. Kerns and W. W. Bixby, for Respondent.

BUDGE, J.—In the above-entitled cause a petition for re-hearing was filed. After examining the petition and the authorities cited therein, and re-examining the record in the case, a rehearing was granted. At the April, 1916, Coeur d'Alene term of this court further argument was heard and additional briefs were examined in support of appellants' contention, as made in their petition for rehearing, that no findings of fact were made upon certain material issues; that such facts were necessary to be found by the trial court; and that the trial court erred in failing to make such findings.

Upon further consideration of the record in this case, we have reached the conclusion that the trial court inadvertently failed to make findings of fact upon the allegations contained in appellants' further second, third, fourth, fifth, sixth and seventh defenses to the amended complaint set out in the answer, wherein it is alleged that respondent's cause of action is barred by certain statutes of limitation therein referred to, and by its laches as therein set out. As it appears from our further examination that appellants were entitled to have findings of fact made upon these particular issues, and as it is not within the province of this court to make such findings, neither are we in a position to determine whether the substantial rights of the parties will be affected until findings are made upon all of the material issues, the decision of this court heretofore entered is suspended and the cause remanded, with directions to the trial court to make findings of fact upon these issues.

Should the trial court, in its judgment, deem it necessary to permit the taking of additional evidence upon these points in order that findings of fact may be made, such additional evidence may be taken and considered in connection with the evidence already taken upon the trial of the cause. After the findings of fact have been made as directed, the trial court is to make conclusions of law and enter its decree in accordance with such findings and those heretofore made. Costs are awarded to appellants.

Sullivan, C. J., concurs.

MORGAN, J., Dissenting.—I dissent.  It is entirely clear from the record that respondent has for a period of many more than five years prior to the commencement of the action been in open, notorious, exclusive and adverse possession of the property in controversy, and, as indicated by our former opinion, sec. 4036, Rev. Codes, applies to this case.  It is also entirely clear from the record that for a period of more than five years neither of appellants has, in any sense, been in possession of said lands or any part thereof, and they are precluded, by sec. 4037, from making the defense here sought to be made.  Therefore, this contention presents a question of law rather than of fact, and it does not appear to my mind that any findings by the trial court would materially aid this court in determining it.

Nothing I could say would add weight to what has already been said in our former opinion upon the defense of laches.

It appears to me that although the trial court might have, and probably should have, made findings with respect to these defenses, no substantial right of appellants has been affected by its failure to do so, and a reversal of the judgment cannot benefit them nor result in anything other than useless expense to the litigants.

The case as it now stands is exactly in point with a long line of decisions by this court construing sec. 4231, Rev. Codes, wherein it is provided that ''The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect.''  (*Empire Mill Co. v. District Court*, 27 Ida. 383, 149 Pac. 499; *Schultz v. Rose Lake Lumber Co.*, 27 Ida. 528, and cases therein cited on pages 533 and 534, 149 Pac. 726; and *Cady v. Keller, ante*, p. 368, 154 Pac. 629.)