(December 28, 1917.)

CITY OF COEUR D'ALENE, a Municipal Corporation, Appellant, v. SPOKANE & INLAND EMPIRE RAILROAD COMPANY, a Corporation, and CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, a Corporation, Respondents.

[169 Pac. 930.]

MUNICIPAL CORPORATIONS — FRANCHISES — ACCEPTANCE — WAIVER — ESTOPPEL.

1.   Where a city, by ordinance, offers a franchise, based upon the express condition that it be accepted in a certain manner, it may waive the specified manner of acceptance and recognize another, although it is not bound to do so, and whether it has so waived or not is a question of fact.

2.   In order to establish waiver the intention to waive must clearly appear, and it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby unless, by his conduct, the opposite party was misled to his prejudice into the honest belief that such waiver was intended or consented to.

3.   One of the necessary elements of an equitable estoppel is that the party relying upon it must have been misled to his injury by the conduct or representations of the one against whom it is sought to be invoked.

[As to estoppel by acquiescence of silence, see notes in 57 Am. Rep. 429; 10 Am. St. 22.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. R. N. Dunn, Judge.

Action for injunction.   Judgment for defendants.   *Reversed.*

Jas. H. Frazier, F. W. Reed, and Black & Wernette, for Appellant.

There was no necessity for a formal declaration of forfeiture because by the provisions of the franchise ordinance itself it declared the forfeiture in the case of a failure to

comply with its provisions. (*Wheeling & Elm Grove R. R. Co. v. Town of Triadelphia,* 58 W. Va. 487, 52 S. E. 499, 4 L. R. A., N. S., 321, 333; *Kaiser Land & Fruit Co. v. Curry,* 155 Cal. 638, 103 Pac. 341, 345; *Town of Arcata v. Arcata & M. R. R. Co.,* 92 Cal. 639, 28 Pac. 676, 677; *Oakland R. R. Co. v. Oakland, B. & F. V. R. Co.,* 45 Cal. 365, 13 Am. Rep. 181; *McConathy v. Deck,* 34 Colo. 461, 83 Pac. 135, 7 Ann. Cas. 896, 4 L. R. A., N. S., 358, 362.)

Where the forfeiture is expressed, it is self-executing. (*Wilmington City Ry. Co. v. Wilmington & B. S. Ry. Co.* (Del.), 46 Atl. 12, 21; *In re Brooklyn, Q. C. & S. R. Co.,* 185 N. Y. 171, 77 N. E. 994.)

. A municipality on granting the use of its streets to a street railroad company has absolute power to grant or withhold its consent, and may impose any condition which in the exercise of its discretion it deems proper as the terms upon which its consent is given. (*Galveston & W. Ry. Co. v. Galveston,* 90 Tex. 398, 39 S. W. 96, 36 L. R. A. 33.)

E. R. Whitla and W. G. Graves, for Respondent Spokane & In. Empire R. R. Co.

There need be no formal acceptance, for any act indicating an intent to proceed under the charter is sufficient. (1 Cook, Corp., 6th ed., sec. 2a.)

Acceptance will be presumed from "the fact that a charter has been applied for; or user of the franchises or powers conferred." (1 Thompson, Corp., sec. 60; McQuillin, Municipal Ordinances, sec. 579; *City Ry. Co. v. Citizens' St. R. R. Co.,* 166 U. S. 557, 17 Sup. Ct. 653, 41 L. ed. 1114.)

User is the most usual evidence of acceptance of a franchise ordinance, and, where unexplained, is conclusive of the fact. (*Postal Tel. Cable Co. v. Newport,* 25 Ky. Law, 635, 76 S. W. 159; *Southern Bell Telephone etc. Co. v. Richmond,* 103 Fed. 31, 44 C. C. A. 147.)

There may be an acceptance of the benefit of a legislative act otherwise than as provided in the act. (*Zabriskie v. Cleveland C. C. R. Co.,* 23 How. (U. S.) 381, 16 L. ed. 488.)

"Where the acceptance actually reaches the person who has made the offer it is immaterial by what mode it is sent, unless a particular mode of acceptance is prescribed by the offer; but as a general rule if a particular mode of acceptance is prescribed by the offer the condition must be complied with, unless it is waived." (9 Cyc. 266.)

"Waiver is a mixed question of law and fact," and "is a matter of fact to be shown by the evidence." (40 Cyc. 267, 270.)

A municipality, like an individual, can waive its rights or estop itself, and the municipality had done so by allowing the company to enter upon and construct its line in the streets. (*Town of Essex v. New England Tel. Co.*, 239 U. S. 313, 36 Sup. Ct. 102, 60 L. ed. 301; *City of Louisville v. Cumberland Tel. & Tel. Co.*, 224 U. S. 649, 32 Sup. Ct. 572, 56 L. ed. 934; *Postal Tel. Cable Co. v. Newport*, 25 Ky. Law, 635, 76 S. W. 159; *New Orleans C. & L. R. Co. v. New Orleans*, 44 La. Ann. 748, 11 So. 77; *Hodges v. Baltimore Union Pass. Ry. Co.*, 58 Md. 603; *Newport News & O. P. Ry. & Elec. Co. v. Hampton Roads Ry. & Elec. Co.*, 102 Va. 795, 47 S. E. 839; *State ex rel. Smith v. Duluth St. Ry. Co.*, 128 Minn. 314, 150 N. W. 917; *People v. Rock Island*, 215 Ill. 488, 106 Am. St. 179, 74 N. E. 437; *Pennsylvania R. R. Co. v. Montgomery County Pass. Ry.*, 167 Pa. 62, 46 Am. St. 659, 31 Atl. 468, 27 L. R. A. 766; *Spokane St. Ry. Co. v. City of Spokane Falls*, 6 Wash. 521, 33 Pac. 1072.)

George W. Korte and Robert H. Elder, for Respondent Chicago, Milwaukee & St. Paul R. R. Co.

No formal written acceptance is necessary in any case if the facts show an actual, practical acceptance by the company, or action which would be only applicable in case the ordinance was accepted. (*Spokane St. Ry. Co. v. City of Spokane*, 6 Wash. 521, 33 Pac. 1072, 1073; *People v. City of Rock Island*, 215 Ill. 488, 495, 106 Am. St. 179, 74 N. E. 437; *Chicago & N. W. Ry. Co. v. People*, 91 Ill. 251; *Sioux City v. Chicago & N. W. Ry. Co.*, 129 Iowa, 694, 113 Am. St. 500, 106 N. W. 183; *Jordan v. Washington & C. Ry. Co.*, 25 Pa.

Super. Ct. 564; *Hagerstown v. Hagerstown Ry. Co.*, 123 Md. 183, Ann. Cas. 1916B, 1267, 91 Atl. 170; *Commercial Electric Light & Power Co. v. City of Tacoma*, 17 Wash. 661, 50 Pac. 592.)

The act of the railroad in taking possession of the right of way granted by the city was an acceptance of the terms of the ordinance, and the railroad will not be heard to claim that it was not acting under its terms. (McQuillin, Mun. Corp., sec. 1650; *City Ry. Co. v. Citizens' Street Ry. Co.*, 166 U. S. 557, 17 Sup. Ct. 653, 41 L. ed. 1114.)

The failure of the railroad company to accept the ordinance in writing was waived by the city, and this waiver may be implied from its acquiescence in the defendant's acts in building and constructing the railroad. (*Postal Tel. Cable Co. v. Newport*, 25 Ky. Law, 635, 76 S. W. 159; *Pembroke Tp. v. Canada Central R. Co.*, 3 Ont. 503; *Pennsylvania R. R. v. Montgomery County Pass. Ry.*, 167 Pa. 62, 46 Am. St. 659, 31 Atl. 468, 27 L. R. A. 766.)

The defense of equitable estoppel may be asserted against any municipal corporation when the character of the action and the facts and circumstances are such that justice and equity demand the corporation should be estopped. (Dillon, Mun. Corp., 4th ed., sec. 675; *Marshall County Supervisors v. Schenck*, 5 Wall. (U. S.) 772, 18 L. ed. 556; *City of Louisville v. Cumberland Tel. & Tel. Co.*, 224 U. S. 649, 32 Sup. Ct. 572, 56 L. ed. 934.)

MORGAN, J.—Appellant, the city of Coeur d'Alene, alleged in its complaint that on September 27, 1915, respondent, Spokane & Inland Empire Railroad Company, hereinafter called the company, prepared and submitted to the city council a proposed ordinance, which was passed and approved, by the terms of which there was granted to it the right to construct, maintain and operate a railroad track upon and over a portion of one of the city's streets; that it was provided in the ordinance, among other things, that it be in full force and effect from its passage, approval and publication,

conditioned, however, upon the acceptance mentioned therein, and that unless the franchise and privilege therein granted be accepted by the licensee within thirty days from the approval of the ordinance, by writing properly subscribed and filed in the office of the city clerk, the franchise and license should become void and the rights and privileges granted thereby should be forfeited. It was further alleged that the company did not, at any time, accept the terms and provisions of the ordinance in the manner therein provided, or in any other manner, or at all, and that appellant never waived the requirements therein expressed that before the same should be effective it must be accepted in the manner and within the time therein specified; that respondents, before the thirty day period for acceptance of the ordinance had expired, unlawfully and without any right or authority so to do, entered upon the street in question and partially constructed a railroad track and erected poles and wires thereon, but that the track and equipment were not constructed in accordance with the terms and provisions of the ordinance in that respondents did not place, or cause to be placed, any planks on each side of each rail upon the street, or fill, with dirt or gravel, the space between the planks, nor plank the intersections of the street, nor the approaches thereto, nor so lay the rails as to make it safe for travel over them; that since such partial construction respondents have unlawfully and wrongfully maintained the railroad track and equipment in the street and have been unlawfully and wrongfully operating trains thereover, and that such use and occupation of the street in question constitutes a nuisance, to the great damage of the city of Coeur d'Alene and the inhabitants thereof. It is further alleged that neither of the respondents claimed to have any right, under or by virtue of the ordinance in question, prior to January 31, 1917, to occupy and use the street as above stated, but that the company, on November 22, 1915, applied to appellant for a franchise to construct and maintain railroad tracks and equipment, and to operate trains thereon, on the portion of

the street above mentioned, and on that date, and again on March 13, 1916, submitted to the city council and requested the passage of ordinances, prepared by said respondent, granting such a franchise to it; that the council did not pass either ordinance so prepared and submitted, and that negotiations continued between appellant and the company until on or about January 31, 1917, during all of which time it sought to procure from appellant a franchise for the construction, maintenance and operation of a railroad upon that portion of the street now occupied by respondents, and that the written declaration on the part of the company that it intended to continue to so occupy and use the street was not made until March ——, 1917. This action was commenced on March 24, 1917.

To this complaint respondents filed a general demurrer, which was sustained, and, appellant having refused to amend or plead further, judgment of dismissal was entered, from which this appeal is prosecuted.

The portion of the complaint relative to the failure to construct the railroad as in the ordinance provided is not deemed to be material to the issue here presented. The ordinance is set out in full in the complaint, and while it is therein prescribed that the track shall be planked and filled, it does not provide that failure to do so shall result in the forfeiture of the franchise, or of any rights thereby granted.

The questions here to be determined are: 1. Do the allegations of fact, taken as confessed, show that the franchise never became effective? 2. Is appellant shown by the complaint to be estopped, by the conduct of its officials, to deny that the company accepted the franchise and that it concurred in the manner of acceptance?

The ordinance passed by the city council and approved by the mayor was an offer of a franchise made upon the express condition that a written acceptance of it be filed with the city clerk within thirty days. Respondents insist that the company's acts, in constructing its road, amounted to an

unqualified acceptance of the offer. It is conceded, however, and correctly so, that the city was not bound to recognize that mode of acceptance; that it might stand upon its offer and refuse to grant the franchise unless it was accepted, as therein designated, in writing. (9 Cyc. 266.) Whether it did so or not is a question of fact, and a court cannot say, as a matter of law, that, by permitting the company to occupy the street during the thirty day period within which it might file its written acceptance, appellant waived and abandoned its right to the writing; and it no longer relied upon or required it, but elected to rely upon another form of acceptance.

"The question of waiver is mainly a question of intention, which lies at the foundation of the doctrine. Waiver must be manifested in some unequivocal manner, and to operate as such it must in all cases be intentional. There can be no waiver unless so intended by one party and so understood by the other, or one party has so acted as to mislead the other and is estopped thereby." (40 Cyc. 261; *Smith v. Faris-Kesl. Const. Co., Ltd.*, 27 Ida. 407, 150 Pac. 25.)

Facts constituting waiver cannot be inferred from the language of the complaint herein under consideration.

It may also be said that facts necessary to constitute an estoppel cannot be inferred from the language of the complaint. Counsel for appellant contends that the city had a right to assume the company would conform to the terms of the ordinance it had procured appellant to pass and to continue to act upon this assumption during the entire time within which the written acceptance might be filed; that its conduct in permitting the company to occupy the street, as it did, is not inconsistent with its entire good faith in the matter. However this may be, the complaint contains no allegation which invites the conclusion that the failure of the city's officials to prevent the company from building its railroad in the street, or any other conduct upon their part, misled it to its injury. This is a necessary element of an equitable estoppel. (16 Cyc. 744.)

The judgment appealed from is reversed. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.