(No. 5112. July 16, 1928.)

CHARLES E. KELSO and ANDY W. EVERETT, Respondents, v. EDWARD RUTLEDGE TIMBER COMPANY, a Corporation, Appellant.

[269 Pac. 94.]

498

Robert H. Elder, for Appellant.

Ezra R. Whitla and W. D. Keeton, for Respondents.

T. BAILEY LEE, J.—This is an action in damages for alleged breach of contract. In the spring of 1924 respondent-plaintiffs and the defendant, Edward Rutledge Timber Company, each had independently certain logs in both Cranberry and Bussel Creeks, small tributaries of Marble Creek, through which latter stream they expected to transport such logs to the St. Joe River and thence to market. Plaintiffs plead that they and defendant entered into an oral agreement that plaintiffs should during the season of 1924 make the drive of Cranberry Creek, taking out all the logs of both parties therein, and that the defendant should drive all the logs in Bussel Creek, including those of plaintiffs'; that plaintiffs duly performed their part of said agreement but that defendant refused to do its part, compelling plaintiffs to drive their own logs down Bussel Creek as well as defendant's down Cranberry Creek, to their damage in the sum of $1,173.95, for which sum they prayed judgment. Defendant answered, denying all liability, and stated that it had agreed to drive all logs which plaintiffs might have placed in Bussel Creek "prior to the time" defendant should make its rear drive out of Bussel into Marble Creek. It was further alleged that on

or about April 1, 1922, plaintiffs and defendant entered into an agreement whereby plaintiffs, in consideration of the right to construct a dam on defendant's land, agreed to drive, free of charge to defendant, all logs belonging to defendant out of Cranberry Creek into Marble Creek during the time plaintiffs were operating said dam; that plaintiffs operated said dam in 1924 and that all of defendant's logs driven by plaintiffs that year out of Cranberry Creek were handled in pursuance of said agreement. As a final defense, and as *res adjudicata,* defendant plead that theretofore, in an action brought by defendant against the plaintiffs for moneys due in the district court of Kootenai county, plaintiffs filed a counterclaim and cross-complaint which defendant, then plaintiff, duly answered; that judgment was thereafter entered upon a verdict rendered in this defendant's favor, from which plaintiffs appealed but later satisfied; that plaintiffs' cause of action in the instant case, having been set out in the said counterclaim and cross-complaint, was fully litigated and decided against plaintiffs in such former action, and that such proceedings and judgment are a bar to the prosecution of this suit. The cause was tried, resulting in a verdict against defendant, which has appealed from the consequent judgment.

▇▇▇▇ Plaintiff, Everett, was permitted, over defendant's objection, to answer the question: "What did it cost you to drive your logs out and down Bussel Creek from where they were put in in the year 1924?" This is charged as error as calling for a conclusion of a witness incompetent to testify. The witness had testified that he employed a crew and got the logs out; his knowledge was gained first hand, and his answer based on such knowledge was not a conclusion. Later, while detailing the number of men employed, time consumed and wages paid, the witness was asked by defendant's counsel what he was testifying from. He answered that, as to the amount of time the men worked, he was testifying from books. Objection was immediately made that the books were the best evidence. Whereupon, witness produced the time-book kept, as he

testified, by himself. Plaintiffs' counsel suggested that it be examined by defendant's counsel, the witness in the meantime saying that he could testify from memory. The objection was overruled, and the witness, without reference to any record, proceeded to testify with such certainty and particularity as convinces us that the court did not err in admitting his evidence.

In support of its plea of *res adjudicata*, defendant offered Exhibits 2 and 3, being the original files and reporter's transcript of testimony in the former case. The court sustained an objection to their admission upon the ground that the records offered did not show that the issue contended to have been litigated in that case was in fact actually submitted or decided. This ruling is assigned as error along with the court's admission, over objection, of Plaintiffs' Exhibits "A" and "B," to wit, the former trial court's order and instruction withdrawing from the jury the issue aforementioned. There was no error in these rulings. The trial court in the former action held that the matter set up in the cross-complaint could not be litigated except in a separate action, and so instructed the jury, directing it to return a verdict for plaintiff's claim, irrespective of the cross-complaint. The instruction concluded with the unequivocal statement: "The court simply holding that this other matter cannot be litigated in this action." It is clear from the record that the issue was never submitted to or passed upon by the jury; and the judgment makes no mention of it. While it was said in *Joyce v. Murphy Land etc. Co.*, 35 Ida. 549, 208 Pac. 241, that "a former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim but also as to every matter which might and should have been litigated in the first suit," there can be no such adjudication where an issue is stripped from the cause and the party deprived of an opportunity to litigate it. In *Joyce v. Murphy Land etc. Co., supra,* the parties had full opportunity to present their issues; and only their inadvertence or carelessness penalized them.

That the former defendants did not prosecute their appeal could not fictitiously adjudicate an issue which they had never been permitted to submit to the jury for determination. A determination by court or jury was absolutely pre-essential. (*Marshall v. Underwood*, 38 Ida. 464, 221 Pac. 1105; *Mason v. Ruby*, 35 Ida. 157, 204 Pac. 1071.) In consequence of this principle, the trial court in the instant case properly withdrew from the jury's consideration defendant's plea of *res adjudicata*.

 Defendant complains that the court erred in failing to submit to the jury the alleged agreement of 1922 and defendant's proffered instructions incident thereto. The court apparently considered that defendant had failed to establish the 1922 contract as alleged. This is evident, not only from the notation, "Not at issue," indorsed on defendant's requested and refused Instruction No. 5, but from the court's direct announcement during the trial:

"The sole issue from your pleadings is whether or not the defendant failed and refused to drive Bussel creek; that's simple enough."

Defendant had plead that in 1922 the plaintiffs, in consideration of their right to build a dam on defendant's land, had agreed to drive all defendant's logs down Cranberry Creek, as long as they should operate and maintain said dam, and that the 1924 logs were driven in compliance with this agreement. The only evidence we have been able to find in the record touching this alleged agreement is the undisputed testimony of defendant's witnesses, Gaffney and Stevens. The former had testified that in 1922 plaintiff, Kelso, told him he would drive out "the logs that we put in Cranberry Creek for the right of putting the dam on there." In response to the question: "What logs were they that you had reference to at the time?" he answered: "At that time we were logging burned timber. We had had a big fire, and we were logging burned timber."

Stevens admitted that at the former trial he had testified concerning this matter as follows: "Ed told him it would be all right for a dam; he says, 'You want to remember,

Charlie, we have burned timber to take out in the creek.' ''
There was no testimony as to any other kind of timber
or logs to be moved that year nor as to any logs to be moved
in the succeeding years, 1923 and 1924. If the agreement
extended to the two latter years, it is remarkable that de-
fendant in 1924 should have agreed for no consideration
whatever to drive plaintiffs' logs out of Bussel Creek. Pecu-
liarly arresting is the statement of defendant's witness,
Gaffney, relating a 1924 conversation with plaintiff, Everett:

"In one of our conversations Andy Everett complained
about the rollways being hard to break in Cranberry Creek.
I says, 'That's all right, Andy, you go ahead, break those
rollways and get our logs into Marble Creek by the time
the rear of our drive comes down there, and we will take
your logs out of Bussel Creek if you get your rear in
there when we go down.' ''

At most, the alleged original agreement required
only the driving of defendant's logs; there was no provision
that defendant's rollways should be broken by plaintiffs,
or that plaintiffs should place defendant's logs in Cran-
berry Creek. Here were entirely new obligations, the
undertaking of which by plaintiffs constituted sufficient con-
sideration to support defendant's promise to drive Bussel
Creek. We think the court was correct in his view that
the case wholly rested upon the terms of this 1924 agree-
ment. He carefully submitted to the jury the contentions
of the parties regarding it; and upon directly conflicting
evidence the jury sustained plaintiff's version.

The remaining specifications disclose no prejudicial error.
Judgment affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ.,
concur.