305 P.2d 732

Ira WILLIAMSON and Eunice Williamson, husband and wife, Plaintiffs-Appellants,

v.

Benito YSURSA and Asuncion Ysursa, husband and wife, Defendants-Respondents.

No. 8345.

Supreme Court of Idaho.

Dec. 20, 1956.

Rehearing Denied Jan. 22, 1957.

Vernon K. Smith, Samuel Kaufman, Jr., Boise, for appellants.

E. H. Casterlin, Pocatello, for respondents.

KEETON, Justice.

Plaintiffs (appellants) commenced this action to recover alleged damages suffered due to a summary foreclosure of a chattel mortgage, and wrongful conversion of personal property by defendants (respondents).

Numerous reasons are alleged in the complaint of claimed errors and defects in the foreclosure proceedings; and appellants allege that there was nothing due on the mortgage when summarily foreclosed; that certain procedural requirements were not complied with.

In an answer defendants deny certain allegations of the complaint, admit others, and allege numerous reasons why defendants claim that plaintiffs cannot prevail, and allege in an affirmative defense that the matters complained of were placed in issue and adjudicated in a prior action (Ada County, No. 22369) between the same par-

ties, and determined adversely to plaintiffs; that the matters complained of by plaintiffs are res judicata.

A jury was waived and trial was had before the court. The court concluded:

"That the plaintiffs' cause of action in the instant action constituted, was and is a counterclaim with respect to the cause of action stated in Civil Action No. 22369 above mentioned, which, if not litigated in said Civil Action No. 22369, should have been litigated therein and is now barred by reason of the doctrine of res judicata or judicial estoppel."

Basing the decision on the doctrine of res judicata, the trial court dismissed the proceedings. From the judgment entered, plaintiffs appealed.

In the former litigation referred to by the court in his findings as Civil Action No. 22369, commenced August 19, 1949, Benito Ysursa and wife sued Ira Williamson and Frank E. Marcum to secure possession of the East half of Lot 12, Block 8, Original Townsite of Boise (701 Main Street), claiming that the property had been leased to defendants for a period of time commencing April 12, 1948 and ending December 31, 1950; that the monthly rental of $500 was in default; that the rent for April, May, June, July and August, 1949, had not been paid; that demand for payment had been made and payment refused and defendants continued in possession after default in the rent payment, and prayed judgment for the restitution of said premises, and for $2,500 rent; that said rent be trebled, and pursuant to the terms of the lease that plaintiffs in that action (No. 22369) should recover additionally, $500 attorney fees.

By a written instrument dated May 15, 1948, Marcum and wife, with the consent of the lessors, respondents here, assigned all their interest in the lease to Ira Williamson and Eunice E. Williamson, his wife, appellants here, and at the same time executed a bill of sale to them of personal property used in carrying on the business on the leased premises. Thereafter, until ejected, appellants continued to operate the business as owners.

By an instrument in writing dated August 17, 1948, to secure the payment of the rent as the same became due, Ira Williamson and wife, appellants, as mortgagors, mortgaged to Benito Ysursa and wife, said personal property owned, or claimed to be owned, by them, located on the premises, in the building in which the business was conducted, and described in the lease dated April 12, 1948.

On August 15, 1949, prior to the commencement of Civil Action No. 22369, the mortgagees, Ysursa and wife, commenced a summary mortgage foreclosure proceeding on the mortgage claiming that $2,500

was due and owing for unpaid rentals. Pursuant to an affidavit in the summary mortgage foreclosure proceeding and demand of mortgagees, the sheriff of Ada County took possession of the property mortgaged, or such of it as he found, which was located in, or on, the leased premises, in the business establishment of appellants, and on August 24, 1949, sold the same at public auction for the sum of $1,950.30 and from the proceeds of the sale paid the mortgagees (Ysursa and wife), respondents, $1,891.48 on the rent. This summary mortgage foreclosure proceeding is the one attacked by appellants in the present suit. The summary mortgage foreclosure proceeding was being conducted while Civil Action No. 22369 was pending.

In the then pending action No. 22369 wherein respondents here were plaintiffs and Ira Williamson, appellant here, a defendant, among other defenses, Williamson filed a cross-complaint claiming damages for a wrongful summary foreclosure of the mortgage and the conversion of his property, on the ground, among others, that the statutory procedure had not been followed and that no rent was in arrears at the time of the foreclosure sale. General demurrers were interposed and sustained to such cross-complaint on the ground that the cross-complaint was not permissible in an unlawful detainer action.

An amended answer, counterclaim and cross-complaint were subsequently filed, again claiming damages because of the alleged wrongful foreclosure and conversion of cross-complainants' property. Prior to the hearing on the latter cross-complaint, Ira Williamson filed a waiver disclaiming any right to possession of the premises involved. Again the court refused to allow the cross-complaint for the alleged wrongful mortgage foreclosure, sustained a general demurrer and struck the same.

A second amended answer and counterclaim was then filed wherein the alleged wrongful mortgage foreclosure and damages for conversion of the property were again asserted. A demurrer to the same was sustained and again the alleged wrongful mortgage foreclosure and conversion were on motion of the plaintiffs in that suit stricken.

The right to the possession of the leased property in controversy was then no longer an issue, the lessees, Williamson and wife, having disclaimed any right to possession of the premises involved.

In a third amended answer defendants denied there was anything due plaintiffs, alleged the rent had been overpaid in the sum of $2,658.83, and in the prayer asked for judgment for such overpayment.

Damages for the conversion of the personal property by wrongful summary foreclosure, having been thrice stricken, were not in the third amended answer alleged, or judgment for damages for conversion prayed.

In case No. 22369 the jury returned a general verdict for defendants, Williamson and Marcum, and judgment was entered on the verdict.

Subsequently appellants, Ira Williamson and Eunice Williamson, his wife, commenced this action against Benito Ysursa and Asuncion Ysursa, his wife, for the conversion of their property because of an alleged wrongful mortgage foreclosure and sale thereof, based on the ground that the jury by general verdict in the district court proceeding had found that there was no rent due, and on the further ground that the required statutory procedure had not been followed in numerous respects.

Among other defenses respondents in this action alleged that the cause of action was one that was, or should have been, litigated in the former action No. 22369, and was res judicata. Appellants here moved to strike this defense which motion was denied. On the trial of the issues as above stated, the trial judge found that appellants' cause of action was litigated in the former action, and if not litigated, should have been, and is now barred.

In specifications of error appellants complain of certain findings, and specifically the finding and conclusion made to the effect that the matters and differences now in controversy were, or should have been, litigated in the former action, and failure of the trial court to find on all the issues. We shall not discuss all such assignments separately, but shall group for discussion those pertinent to a decision.

The prior action between the parties, No. 22369, was originally commenced to secure possession of the leased premises, also alleged rent owed. The parties apparently concede that a cross-complaint or counterclaim was then not permissible. This and other courts have so held. See Hunter v. Porter, 10 Idaho 72, 77 P. 434; Arnold v. Krigbaum, 169 Cal. 143, 146 P. 423, Ann.Cas.1916D, 370; Schubert v. Lowe, 193 Cal. 291, 223 P. 550; Smith v. Whyers, 64 Cal.App. 193, 221 P. 387; Servais v. Klein, 112 Cal.App. 26, 296 P. 123; Lakeside Park Ass'n of Kelseyville, v. Keithly, 43 Cal.App.2d 418, 110 P.2d 1055.

Thereafter, defendants in the prior action, in writing released all claim to the premises, and in fact had already been for all practical purposes ejected in the summary foreclosure proceedings. The premises leased having been surrendered to the lessors, the right to possession was eliminated, and the action was thereafter prosecuted to recover alleged rent due pursuant to the written terms of the lease.

The alleged unlawful detainer not being longer an issue, the complaint was then subject to a cross-complaint or counterclaim in permissible situations as provided in Sec. 5-613, I.C. and 5-617, I.C.; Heller v. Melli-

day, 60 Cal.App.2d 689, 141 P.2d 447; Servais v. Klein, supra, Syl. 8.

Further, in the prior action No. 22369, the cross-complaint and/or counterclaim attempted to be interposed on three several occasions was stricken by the court on motions of the then plaintiffs, respondents in this action, and appellants here were not permitted to litigate the merits of such counterclaim or cross-complaint.

In Kelso v. Edward Rutledge Timber Co., 46 Idaho 497, 269 P. 94, a similar situation was shown to exist. In that case the trial court had held in a former action between the same parties that a cross-complaint could not be litigated except in a separate action. When the separate action was brought defendants pleaded res judicata. This Court held that the former proceedings did not prevent the bringing of the separate action as the matters at issue had never been determined.

The right to litigate the question of damages for the alleged unlawful conversion of plaintiffs' property by the summary foreclosure proceedings in the former action, if permissible, was prevented by the action of the plaintiffs in that suit. Hence respondents' plea of res judicata is not sustainable and the rights here asserted may be prosecuted and determined in this action on the merits.

Respondents contend that if the rulings in the former case were erroneous and the matters and differences now complained of should have been litigated in that suit, that case No. 22369 should have been appealed. Respondents here cannot now successfully assert that the same should have been so litigated, or if the rulings were erroneous, the case No. 22369 should have been appealed. When a case is not appealed from the judgment, the orders made prior to judgment and matters that could have been reviewed on appeal become final. But failure to appeal does not conclude a party as to issues which were not litigated, and which he was not permitted to litigate in the action. Kelso v. Edward Rutledge Timber Co., supra.

Respondents here are not in a position to complain that the matters and differences here complained of were not litigated in the former action. If such matters could have been litigated, their course of action resulted in preventing it, and they are not now in a position to assert the doctrine of res judicata.

By finding No. 4, the court found that the rents for April, May, June, July and August, 1949, were unpaid in the sum of $2,500. This finding is assigned as error. The finding is in conflict with the jury's verdict in case No. 22369. The amount received by the mortgagees from the sale of the personal property on the summary mortgage foreclosure proceedings was $1,891.48. This sum was paid to the lessors (respondents) after the commencement of case No. 22369 and can be con-

strued in no other way than as payment of the balance of the rent in full for the months of April, May, June, July and August, 1949. The finding that $2,500 was due as of August 15, 1949, conflicts with the jury's verdict and cannot be sustained. The jury in the former action determined the issue.

Finding No. 8, assigned as error, is sustained by the evidence and will not be disturbed.

In finding No. 10, the court found that the pleading in the former action designated as a cross-complaint, was, in fact, a counterclaim. In view of the decision reached, we consider it at this stage of the proceedings of no importance.

The same ruling applies to assignment No. 4, challenging finding No. 11.

Assignment No. 5, which challenges finding No. 21, is covered by what was above said relative to finding No. 4.

Finding No. 23, if it be interpreted that damages for the conversion of the property under the summary mortgage foreclosure proceedings was an issue in case No. 22369, is erroneous. The question of damages for an alleged unlawful conversion was not litigated in the former suit.

Assignment No. 8, challenging finding No. 25, holding that matters here in dispute were litigated in case No. 22369, is erroneous for reasons above stated.

The court did not find on all the issues in controversy and with one exception did not find wherein the statutory provisions for summary mortgage foreclosure had not been complied with, if such were sustained by the evidence.

▮ The court should have made findings of fact covering each and every material issue raised by the pleadings. Wood v. Broderson, 12 Idaho 190, 85 P. 490; State v. Baird, 13 Idaho 126, 89 P. 298; Jensen v. Bumgarner, 25 Idaho 355, 137 P. 529; American Min. Co. v. Trask, 28 Idaho 642, 650, 156 P. 1136, 1139; Berlin Mach. Works v. Dehlbom Lbr. Co., 29 Idaho 494, 160 P. 746; Cheesbrough v. Jensen, 62 Idaho 255, 109 P.2d 889; In re Heazle's Estate, 72 Idaho 307, 240 P.2d 821.

▮ Where a chattel mortgage is foreclosed by summary proceedings, and the requisite procedure is not complied with in material particulars, and the failure of such compliance with the statutes covering such foreclosure causes damages to the mortgagors because of a failure to follow such procedure, or if the summary foreclosure proceedings were taken at a time when the debt secured by the chattel mortgage was not due, such action constitutes a conversion, and if damages result, the mortgagors are entitled to recover the damages sustained. Gunnell v. Largilliere Co., 46 Idaho 551, 269 P. 412; Peterson v. Hailey National Bank, 51 Idaho 427, 6 P. 2d 145; Brockman v. Caviness, 61 Idaho 254, 100 P.2d 946; Arens v. Scheele, 63 Idaho 189, 119 P.2d 261.

Judgment is reversed with instructions to the trial court to reinstate the cause, to find on all the issues, and the amount of damages sustained, if any, and if damages are shown, enter judgment against respondents in conformance to the views herein expressed. Further evidence may be received in the discretion of the court. Costs to appellants.

TAYLOR, C. J., and PORTER and SMITH, JJ., concur.

ANDERSON, J., sat in the hearing, but due to his death did not participate in the decision.