364 P.2d 167

In the Matter of the Investigation of the Motor Carrier Operations of: Louis C. GROVER, Wayne, Eugene and Glen Eby, dba Eby Brothers, Freeman Pack and Dan Pack, dba Pack Truck Lines, Delbert Lott, Leo J. Handy, dba Handy Truck Lines, Shoemaker Trucking Company, Clarence May & Scott Pearson, dba May Trucking Company, Robert A. Collins, R. V. Estell, Plaintiffs-Appellants,

v.

IDAHO PUBLIC UTILITIES COMMISSION, Defendant-Respondent.

Nos. 8861–8863, 8875–8880.

Supreme Court of Idaho.

June 28, 1961.

Rehearing Denied Sept. 5, 1961.

352

Jay F. Bates, Rigby, Chas. F. McDevitt, Boise, for appellants.

Frank L. Benson, Atty. Gen., B. James Koehler, Jr., Asst. Atty. Gen., for respondent.

**McFADDEN, Justice.**

Appellants, separate trucking companies, are common carriers engaged in intrastate transportation of commodities for hire. None operate between fixed termini or over regular routes. Respondent is the Idaho Public Utilities Commission. The separate appeals here consolidated challenge orders of respondent cancelling appellants' original carrier permits and denying applications for rehearing.

Prior to January 1, 1952, appellants operated without permits, the then-existing statute covered only carriers operating between fixed termini or over regular routes, I.C. § 61–801, subd. e and § 61–802. Carriers operating over irregular routes were brought within the statute by S.L.1951, ch. 291, which, *inter alia,* amended I.C. § 61–802 to provide:

"Permit Required *—Scope Of Permit—Commission May Refuse Permit.

—It shall be unlawful for any motor carrier, as the term is defined in this chapter, to operate any motor vehicle in motor transportation without first having obtained from the Commission a *permit covering such operation.*

"A permit shall be issued to any qualified applicant authorizing the whole or any part of his operations covered by the application made to the commission in accordance with the provisions of this chapter, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent authorized by the permit, is or will be in the public interest, provided that any motor carrier or a predecessor in interest *shall have been in bona fide operation on January 1, 1952 over the route or routes or within the territory for which [the] application is made and has so operated since that time, the commission shall issue such permit without requiring further proof that public interest will be served by such operation."* (Emphasis added). (Later amended S.L.1959, Ch. 79, § 1, pg. 177.)

Pursuant to this provision appellants were granted permits, under which they operated until 1954, then each received

from the commission what purported to be an "Order to Show Cause," the material parts of which are as follows:

"Whereas, each of the below named motor carriers holders of IPUC Permits, were issued its said permit originally under the so-called 'Grandfather Clause' as provided in Section 61–802, and

"Whereas there appears to be some question whether each of the said carriers is entitled to all the authority contained in its said permit as granted under the aforementioned 'Grandfather Clause', and

"Whereas there appears to be some question as to whether each of the said carriers is operating over the whole of its route as is required by Section 61–805, Idaho Code.

"Order

"It Is Therefore Ordered, that each of the below named motor carriers shall appear at a hearing at the time and place designated below; and"

"It Is Further Ordered that each of the said carriers shall be prepared to submit proof of its operations under the authority contained in its said Per-. mit, consisting of original freight bills, or abstracts thereof and supplemented by oral testimony on Idaho Intrastate Traffic handled by it for the years 1951,

1952, 1953 and for the first six months of 1954. * * *"

Appellants appeared and presented proof as required. No other evidence was presented by the commission or by anyone else; no further hearings were held; nor did the commission take any other action to inform appellants of any intention to revoke their permits. Appellants had no notice that they were being charged with violation of the commission's orders, rules or regulations, or laws of the state. For all that appeared, the individual hearings, each conducted before a single member of the commission, were for the sole purpose of gathering information.

The commission, on the basis of facts presented to the individual member in the respective cases, found that appellants were in bona fide operation in Idaho in intrastate commerce on January 1, 1952; that since that time the bona fide operation of each carrier was only within a portion of the territory previously authorized; that each carrier had failed to show its operation to be in the public interest. The commission determined it had no authority to grant permits so extensive in scope as those originally granted to appellants. It then issued orders cancelling appellants' permits and issued new restricted permits.

For approximately five years appellants operated under these new, restricted permits, certain of the appellants applying for, and securing, amendments of such new

permits. In November, 1959, and January, 1960, appellants applied to the commission for rehearing on the cancellation of their original permits. These appeals were taken from the denial of such applications.

In Allied Van Lines, Inc. v. Idaho Public Utilities Commission, 79 Idaho 220, 312 P.2d 1050, 1053, this court considered facts substantially the same as those now before us. In that case, a general state-wide permit was considered pursuant to an "Order to Show Cause", which order had the same phraseology as the one in the case at hand. The procedures for review therein are similar to those followed in the instant case. In the Allied Van Lines case we held that the Idaho Public Utilities Commission was without authority to revoke such original permits by a summary procedure, but that a full hearing was required in compliance with I.C. § 61–808. We said in that case:

> "The proceedings called for by such Order to Show Cause were non-adversary, were not for the trial of any charge against appellant, but were for the purpose of supplying information to the Commission.
>
> \* \* \* \* \* \*
>
> "A permit is a valuable property right and can only be revoked as provided by statute. There must be a definite charge that the permit holder has violated or refused to observe some

order or regulation of the Commission or some applicable state law; the matter must be set for hearing and notice given; and proof must be adduced supporting the charge."

Our decision in that case is controlling here. It follows that appellants are entitled to rehearing on the cancellation of their original permits, unless their subsequent conduct or delay can be deemed to bar assertion of such rights.

I.C. § 61–626, as it existed at the time of such orders, provided for application for rehearing without specifying any time limit for filing such application. This section was amended (S.L.1957, ch. 126, § 1, p. 214) limiting the time for filing such applications to twenty days. This amendment is inapplicable to applications previously filed. See, Wanke v. Ziebarth Const. Co. et al., 69 Idaho 64, 202 P.2d 384. The record discloses no settled administrative practice of determining the time for filing such applications, and appellants' applications for rehearing are therefore still timely unless now barred by laches or waiver (see, 42 Am.Jur., Public Administrative Law § 181), as contended by respondent.

Appellants delayed commencing these proceedings for some five years, half of which time elapsed after the decision in Allied Van Lines, Inc. v. Idaho Public Utilities Commission, supra. Though appel-

lants were unaware of their rights, this long delay is not thereby excused, since such ignorance was of law rather than of facts. 30 C.J.S. Equity § 128f. Delay alone, however, does not constitute laches. It must also be shown that the party claiming laches has been injured or placed to a disadvantage by the delay. Just v. Idaho Canal & Imp. Co., Ltd., 16 Idaho 639, 102 P. 381; American Mining Co., Ltd. v. Trask, 28 Idaho 642, 156 P. 1136; Johnson v. Strong Arm Reservoir Irr. Dist., 82 Idaho 478, 356 P.2d 67. Respondent's contention that lapse of time is sufficient to bar appellants' right to rehearing before the commission is without merit, as there was no statutory limitation for application for rehearing, and no proof of prejudice or injury occasioned by the delay.

█ Respondent also urges that appellants, by operating under the new permits and, in some instances, by applying for amendment of such new permits, have waived their right to question the commission's orders.

█ "A waiver is the intentional relinquishment of a known right. It is a voluntary act and implies election by a party to dispense with something of value or to forego some right or advantage which he might at his option have demanded and insisted upon". Crouch v. Bischoff, 78 Idaho 364, 304 P.2d 646, 649. The record discloses no voluntary surrender or election by appellants to waive their rights as required for an "express waiver."

█ In addition to express waiver, this court has recognized a doctrine of implied waiver, under which are consistently applied principles of estoppel. City of Coeur d'Alene v. Spokane, etc., R. R. Co., 31 Idaho 160, 169 P. 930; Hawkins v. Smith, 35 Idaho 349, 205 P. 188.

"The dividing line between waivers implied from conduct and estoppels is often shadowy as the two terms have come to be quite commonly used interchangeably; * * * when the term waiver is so used the elements of estoppel almost invariably appear, and it is employed to designate not a pure or express waiver, but one which has come into the existence of effectiveness through the application of the principles underlying estoppels." Independent Gas & Oil Co., v. T. B. Smith Co., 51 Idaho 710, 10 P.2d 317, 320.

This doctrine has also been applied where the court has refused to find an implied waiver. Neitzel v. Lawrence, 40 Idaho 26, 231 P. 423; Smith v. Faris-Kesl Const. Co., Ltd., 27 Idaho 407, 150 P. 25, 32, where this court said: "What constitutes a waiver is essentially a question of intention. * * * In order to establish a waiver the intention to waive must clearly appear, and a waiver * * * will not be presumed or implied, contrary to the intention of

**358**

the party whose rights would be injuriously affected thereby unless, by his conduct, the opposite party was misled, to his prejudice, into the honest belief that such waiver was intended or consented to."

There are no facts before this court to justify finding an implied waiver. Appellants are entitled to full hearings in accordance with the provisions of I.C. § 61-808.

The orders of the Public Utilities Commission denying appellants' applications for rehearing are hereby reversed and causes remanded for further proceedings.

No costs allowed.

TAYLOR, C. J., and KNUDSON, SMITH and McQUADE, JJ., concur.