523 P.2d 38

**ACCESSORY SALES, INC., a corporation, Plaintiff-Appellant,**

v.

**Glen BEDIENT, dba Glen Bedient Sales Company, Defendant-Respondent.**

No. 11403.

Supreme Court of Idaho.

June 10, 1974.

---

Frank E. Chalfant, Boise, for plaintiff-appellant.

David Lee Posey, of Derr, Derr, Walters & Cantrill, Boise, for defendant-respondent.

McQUADE, Justice.

This action involves the collection of a settlement agreement. In 1970, the plaintiff-appellant, Accessory Sales, Inc., obtained a judgment against the defendant-respondent, Glen Bedient, for the sum of $7,184.72. The parties entered into a settlement agreement in which the respondent agreed to dismiss his appeal and dismiss a cross-complaint in return for the appellant's agreement to accept the sum of $3,771.26 with interest as full satisfaction of the judgment. The agreement provided that the respondent would pay monthly installments of $200, and that upon default in the payments, the original judgment could be declared due and payable. The respondent never made regular monthly payments as required by the settlement agreement. In May, 1972, the appellant filed a motion for a writ of execution because of the respondent's default in payment, but the motion was dismissed by the appellant after a payment of $600. In April, 1973, the respondent was again in default having not made any payments since January, 1973, and the appellant filed a motion for a writ of execution to collect the full amount of the judgment. The respondent tendered $873.61 to the appellant which was the final amount due on the settlement agreement. The trial court ordered that the appellant's motion for writ of execution be denied and that upon the appellant's receipt of $873.61 from the respondent, the settlement agreement would be fully performed and the judgment satisfied. The appellant appeals from the trial court's order.

The appellant contends that the trial court erred in not ordering a writ of execution for the full amount of the judgment because the respondent was in default under the terms of the settlement agreement. The respondent points out that regular monthly payments as required by the settlement agreement were never made. It is argued that by accepting irregular and untimely payments, the appellant waived its contractual right to monthly payments and therefore the respondent is not in default. It is also argued that by failing to enforce the terms of the settlement agreement and by dismissing the motion for a writ of execution in 1972, the appellant waived its right to collect the full amount of the judgment upon the respondent's default.

Waiver was defined by this Court in the case of Smith v. Faris-Kesl Construction Co., Ltd., as:

" 'What constitutes a waiver is essentially a question of intention . . . . In

order to establish a waiver, the intention to waive must clearly appear, and a waiver of the lien will not be presumed or implied, contrary to the intention of the party whose rights would be injuriously affected thereby, unless, by his conduct, the opposite party was misled, to his prejudice, into the honest belief that such waiver was intended or consented to.' " (Citation omitted).[1]

Although irregular and untimely payments were received by the appellant, the record does not contain any evidence that it intended to waive the settlement agreement's requirement of monthly payments. Many statements of the account were mailed to the respondent by the appellant which gave the respondent continuing notice of his obligation to make monthly payments. The appellant's action of mailing statements of the account to the respondent also demonstrated that it expected compliance with the terms of the settlement agreement. By accepting untimely and irregular payments, the appellant waived the settlement agreement requirements as to individual payment, but the record does not indicate that it intended to waive the settlement agreement terms for future payments.[2]

The respondent's contention that the appellant waived the right to pursue the full judgment upon default is also not supported by the record. Although the appellant dismissed a motion for a writ of execution in May, 1972, after a payment of $600, the dismissal does not show that it intended to waive its right to collect the full amount of the judgment in the event of future defaults by the respondent.

The respondent was fully aware of his obligations under the terms of the settlement agreement, and the appellant should not be penalized for its generosity in not requiring strict conformance with the contract at all times.

Order denying writ of execution reversed and remanded. Costs to appellant.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.

1. 27 Idaho 407, 429, 150 P. 25, 32 (1915); *see also:* Cook v. Western Field Seeds, Inc., 91 Idaho 675, 429 P.2d 407 (1967); Grover v. Idaho Public Utilities Commission, 83 Idaho 351, 364 P.2d 167 (1961); Coeur d'Alene v. Spokane RR Company, 31 Idaho 160, 169 P. 930 (1917).

2. Bowers v. Bennett, 30 Idaho 188, 164 P. 93 (1917); *see also:* 3A Corbin, Contracts § 754 at 489 (1960); 1 Restatement of Contracts § 300 (1928).